### AT THE

## MARCH SESSION 1869, IN BOSTON.

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. EBENEZER R. HOAR,
Hon. HORACE GRAY, Jr.,
Hon. JOHN WELLS,  } Justices.
Hon. JAMES D. COLT,
Hon. SETH AMES,

## SUFFOLK COUNTY.

### Dolan's Case.

The sentence of a convict to imprisonment for a term expressed only by designating the length of time is to be satisfied only by his actual imprisonment for that length of time, unless remitted by legal authority; and if a sentence is limited to take effect upon the expiration of a previous sentence, its period will not begin to run until the first sentence has so been fully performed or legally discharged.

If a prisoner under sentence to be imprisoned for a term expressed only by the length of time escapes during the term, the period during which he remains at large does not abridge the period of imprisonment which remains for him to suffer before fully performing the sentence.

PETITION for a writ of *habeas corpus*, representing that the petitioner was illegally imprisoned and restrained of his liberty by Gideon Haynes, the warden of the state prison; heard by the chief justice, and reserved for the determination of the full court, on facts agreed substantially as follows:

The petitioner was in the custody of the warden, and confined in the state prison, from January 20, 1864, to the time of the hearing, February 24, 1869, (except as hereinafter stated,) under and by virtue of two warrants of commitment issued by the superior court.

The first warrant, dated January 19, 1864, recited that Dolan then being in the custody of the sheriff of Suffolk, "convict of the crime of larceny from the person," was on that day "sentenced to be confined in our state prison for four years, during one day to be in solitary confinement, and during the residue of said four years to be confined to hard labor, and to stand committed according to said sentence," and therefore commanded the warden to remove the prisoner from the jail in Suffolk to the state prison, and "immediately thereon to cause the said Dolan to be confined therein for the term of four years, during the first day to be in solitary confinement, and during the r sidue of said four years to be confined at hard labor," and to make return, &c.; and was indorsed with a return, dated January 20, 1864, and signed by the warden, that, in obedience to the written warrant, he received from the sheriff of Suffolk the body of Dolan, "and him conveyed to and committed at the state prison aforesaid." By the certified transcript of the record of the court, annexed to the warrant, it appeared that the sentence was recorded in these words: "It is therefore considered by the court, that said Dolan (for his offence as set forth in the indictment) be punished by confinement in the state prison in Charlestown in the county of Middlesex, four years, the first day of which is to be in solitary imprisonment and the residue at hard labor, and that he stand committed until he be removed to said state prison in pursuance of this sentence."

The second warrant, dated October 17, 1867, recited that Dolan, then being in the custody of the sheriff of Suffolk, "convict of the crime of escaping from the state prison while lawfully confined therein, as is fully set forth in the indictment annexed," was on that day "sentenced to be confined in our said state prison for one year, during one day to be in solitary confinement, and during the residue of said one year to be confined

to hard labor, and to stand committed according to said sentence; this sentence to take effect from and after a previous sentence passed upon said Dolan, January 9th [19th?] A. D. 1864," and therefore commanded the warden to remove the prisoner from the jail in Suffolk to the state prison, and "immediately thereon to cause the said Thomas Dolan to be confined therein for the term of one year, during one day to be in solitary confinement, and during the residue of said one year to be confined at hard labor," and to make return, &c.; and was indorsed with a return, dated on the same day, October 17, 1867, and signed by the warden, that, in obedience to the within warrant, he received from the sheriff of Suffolk the body of Dolan " and him remanded at the state prison aforesaid." The indictment, a certified copy of which was annexed to this warrant, charged that Dolan on June 20, 1866, " was a convict in the said state prison, and was there legally detained and imprisoned therein under sentence for a limited time, to wit, for four years from the nineteenth day of January in the year of our Lord eighteen hundred and sixty-four, and that the said Dolan, a convict as aforesaid, and legally detained and imprisoned as aforesaid, did at the said state prison, on the said twentieth day of June, unlawfully escape therefrom and from the precincts thereof, and go at large whithersoever he would," &c.; and by the certified transscript of the record of the sentence, also annexed to this warrant, it appeared that the sentence was recorded in these words : " It is therefore considered by the court, that said Thomas Dolan (for his offence as set forth in the indictment) be punished by confinement in the state prison in Charlestown in the county of Middlesex, for one year, of which one day to be in solitary imprisonment and the residue at hard labor, and that this sentence take effect from and after the expiration of the sentence upon which he is now held."

It was further agreed, (if evidence to prove the same was admissible, which the petitioner denied,) that Dolan escaped from the prison on June 20, 1866, fled from the Commonwealth, and remained out of the Commonwealth until June 1867, when he was arrested at Cleveland in Ohio, and brought back to the prison, arriving there June 7, 1867.

·The petitioner contended "that both the terms of imprisonment to which he was sentenced had expired, and that the warden was concluded by the record of commitment from asserting that the prisoner had been out of his custody at any time since he was first committed to said state prison, as aforesaid."

The warden contended " that, on account of the prisoner's escape, and his being absent from the prison, as aforesaid, from June 20, 1866, to June 7, 1867, a period of three hundred and fifty-two days, his second term of imprisonment had not expired."

*J. H. Bradley*, for the petitioner.

*J. C. Davis*, Assistant Attorney General, (*C. Allen*, Attorney General, with him,) for the Commonwealth.

WELLS, J. The petitioner seeks to be discharged on the ground that the term for which he was committed has expired by mere lapse of time ; although the period of his actual imprisonment has been less than that for which he was sentenced, by reason of his escape and absence at large for nearly a year during the time.

We are of opinion that the sentence of the law is to be satisfied only by the actual suffering of the imprisonment imposed, unless remitted by death or by some legal authority. The punisment is imprisonment, the period of which is expressed only by the designated length of time. Neither the date of its commencement, nor of its expiration, is fixed by the terms of the sentence. The last clause of § 21 of the Gen. Sts. *c.* 174, upon which the petitioner places some reliance, can have no other purpose or effect than to require that the time which may elapse between the order and the actual commitment shall be computed as part of the time of sentence imposed by the court. See St. 1859, *c.* 248.

The petitioner also urges the consideration that, as the second sentence was made to take effect upon the expiration of the former sentence, a fixed time must be thereby necessarily implied, in order to give certainty to such an order. This is by no means requisite. If it were so, additional sentences would always be dependent upon the validity and the full execution

without remission, of all previous ones. But the validity of such additional sentences is never affected by the contingencies which render the duration of previous terms uncertain. *Kite* v. *Commonwealth*, 11 Met. 581. The time fixed for the execution of the second sentence is not the end of the limited period from the date of the order of commitment in the first case, but the end of the imprisonment under the first sentence, however that may be legally terminated. Expiration of time without imprisonment is in no sense an execution of sentence. The period of the second sentence will not begin to run until the first has been fully performed or legally discharged. This is intimated, though not expressly decided, in *Commonwealth* v. *Mott*, 21 Pick. 492, 498. In *Stevens* v. *Commonwealth*, 4 Met. 360, 368, "the unexpired portion of the term for which he was originally sentenced" was held to mean the remaining period of his sentence "at the time he made his escape." That decision was under the Rev. Sts. *c.* 143, § 49, which imposed the punishment for escape, by imprisonment for a term "in addition to the unexpired portion," &c. The language of the Gen. Sts. *c.* 179, § 53, upon which this question arises, is, "in addition to his former sentence." We think the intention is the same, and that the construction should be the same, in the one case as in the other.

Upon this construction, the term of the petitioner's second sentence has not yet expired; and as it is thus manifest that the writ, if issued, would be unavailing, the judgment upon his petition must be                    *Writ refused.*