## In re McCauley.

*September 27—October 18, 1904.*

Criminal law and practice: Imprisonment: Escape: Recapture:
Unexpired sentence: Statutes: Construction.

1. By the common law a prisoner escaping from custody, while serving a sentence for a criminal offense, is liable to recapture and reconfinement to serve out his sentence, the term of his voluntary absence not being counted in his favor.

2. In such case, judicial direction, other than that contained in the original judgment, is unnecessary.

3. In such case, for the offense of escape, or prison breach and escape, a trial and sentence is necessary in order to punish the offender, the same as in case of other offenses.

4. Secs. 4490 and 4494, Stats. 1898, and ch. 75, Laws of 1901 (providing punishment for escape, and prison breach and escape), are declaratory of the common law.

HABEAS CORPUS. *Petitioner remanded.*

*Habeas corpus* to Henry Town, warden of the state prison, to test his right to retain in custody at such prison *Charles McCauley,* it being alleged in the petition that said *McCauley* June 5, 1899, was by the circuit court for Portage county, Wisconsin, sentenced to imprisonment in said prison for five years, the term to commence on said day at 12 o'clock noon; that a certificate of conviction was made accordingly and said *McCauley* placed in actual confinement; that the sentence ex-

pired June 5, 1904, but nevertheless, that the warden of said prison refuses to release the petitioner.

The return to the writ is to this effect, among other things: The petitioner January 25, 1900, escaped from the state prison, where he was serving pursuant to the sentence mentioned in the petition. Thereafter he was a fugitive from justice till the 26th day of March, 1902. He had still to serve of the sentence imposed upon him at the time of his escape three years one month and ten days, after giving him allowance for all good time earned during his confinement. The full term of imprisonment, imposed upon him by the sentence aforesaid, will not expire until May 2, 1905, even if there be allowed to him all good time permissible by law under any circumstances. He is now in custody and retained in pursuance to the sentence mentioned in the petition, in order that the full term of imprisonment may be satisfied.

A motion was made to discharge the petitioner, notwithstanding the return, because of the insufficiency thereof.

*James Murray* and *Emerson Ela,* for the petitioner.

For the respondent there was a brief by the *Attorney General* and *L. H. Bancroft,* first assistant attorney general, and oral argument by *Mr. Bancroft.*

MARSHALL, J. The proposition of counsel for the relator is, that if a person confined in the state prison in execution of a sentence obtains his liberty by escape from prison or a prison breach, he can only be reconfined pursuant to a sentence under sec. 4490, Stats. 1898, providing that in case of an escape from prison the guilty person shall be punished by imprisonment "not to exceed ten years, in addition to the former sentence," or sec. 4494, Stats. 1898, providing that in case of a prisoner breaking and escaping from prison he shall be punished by imprisonment for "one year in addition to the unexpired term of the former sentence." Counsel contends that sec. 4494 was enacted to meet such a case as this.

In re McCauley, 123 Wis. 31.

one, where at the time of the recapture the original sentence has expired, while sec. 4490 was not intended to apply to an escape from prison and recapture of the prisoner during the period for which he was sentenced, and that both sections contemplate a trial and sentence. We do not deem it necessary to the disposition of this case to argue all the questions suggested by counsel. Probably when it is called to mind that an escape from prison and a breach and escape from prison were distinct offenses at common law, the former being a misdemeanor and the latter a felony, 2 Clark & Marshall on Crimes, 1062, 1063, 11 Am. & Eng. Ency. of Law (2d ed.), 295, 302, and that a punishment in either case had nothing to do with the execution of the original sentence, it will not be very difficult to understand the purpose of the clauses of our statute, framed so carefully along the common-law lines.

It is frankly conceded by counsel for the relator that at common law a prisoner who escaped from prison and was recaptured by his custodian, or any other, and returned to such custodian, was subject to reimprisonment without a new judicial direction for a sufficient length of time to make, with his service prior to the escape, the full term of confinement at hard labor contemplated by his sentence. The authorities on that point are quite numerous and harmonious. *Cleek v. Comm.* 21 Grat. 777; *Ex parte Clifford,* 29 Ind. 106; *State v. Wamire,* 16 Ind. 357; *Dolan's Case,* 101 Mass. 219; *In re Edwards,* 43 N. J. Law, 555; *State v. Cockerham,* 24 N. C. 204; *Haggerty v. People,* 6 Lans. 332; Id., 53 N. Y. 477; *Luckey v. State,* 14 Tex. 401; *Riley v. State,* 16 Conn. 50; *Ex parte Vance,* 90 Cal. 208, 27 Pac. 209; *Henderson v. James,* 52 Ohio St. 242, 39 N. E. 805; 1 Bishop's New Crim. Proc. § 1310, subd. 5; Id., § 1384; 11 Am. & Eng. Ency. of Law (2d ed.) 313.

The text in the Am. & Eng. Ency. of Law is very accurately framed, under the authorities above cited in these words:

"Where a prisoner escapes without serving the full term of his sentence, he may, on being recaptured, in the absence of any statutory provision, be required to serve the remainder of the sentence; for the essential part of the sentence is the punishment, and he will not have borne such punishment until he has remained in custody for a period equal to that which he has been at liberty, and this though the term for which he was imprisoned may have expired by limitation."

As to the right of a custodian of a prisoner sentenced to confinement as a punishment for a criminal offense to retake him in case of his escape and reconfine him for the balance of his term, and an additional period to cover the time he was at liberty, Mr. Bishop speaks very briefly, thus: "If a prisoner has escaped and is retaken the keeper will execute the sentence with the period of absence added." As to the proceedings upon recapture, in case of doubt as to the identity of the prisoner with the one who escaped, it is suggested that the proper course is to take the prisoner before the court that rendered the judgment, or one of superior jurisdiction, and upon his identity being there established to take an order of the court for the continued execution of the judgment. In *Haggerty v. People*, 6 Lans. 332, some proceedings to obtain such an order were thought advisable, but upon review of the case, 53 N. Y. 476, that was held to be wrong and it was said that if such proceedings are taken the result will be of no significance, as it will not be *res adjudicata* of the question of identity when raised in the proper manner by *habeas corpus* proceedings commenced by the prisoner to secure his liberty.

The question of whether such a law as sec. 4490 and sec. 4494 varies the common-law rule is not new. It was raised in *Haggerty v. People, supra,* and also in *Ex parte Clifford, supra. In re Edwards, supra,* a law, similar to ch. 75, Laws of 1901, providing that a person escaping from prison while serving a sentence may, on recapture, be required to serve out the whole term for which he was sentenced, without deducting the time of his being out without leave, was held to

be but a declaration of the common law and as in no wise changing it.

Our conclusion is that by the common law a prisoner escaping from custody, while serving his sentence for a criminal offense, is liable to recapture and reconfinement to serve out his sentence, the time of his voluntary absence not being counted in his favor, and that judicial direction other than that contained in the original judgment is unnecessary, while for the offense of escape or prison breach and escape a trial and sentence is necessary in order to punish the offender, the same as in case of other offenses; that our statutes, secs. 4490 and 4494 and ch. 75, Laws of 1901, were framed to cover these common-law features; and that the words in sec. 4490 "in addition to his former sentence" and in sec. 4494 "in addition to the unexpired term" were used *ex industria,* to indicate that the punishment for the second offense is not deemed to abridge the execution of the judgment theretofore pronounced. The theory of the law is that where a judgment has once been rendered bearing solely on the person, as in the case of a sentence to confinement at hard labor as punishment for crime, it can only be satisfied by death of the party, his confinement at hard labor for the length of time mentioned in the sentence, less any good time earned according to law, by a reversal of the judgment, or by pardon. That is so firmly established that nothing short of some unmistakable legislative change thereof could be held to have that effect. The law which provides punishment for the offense of escape from prison or of breaking and escaping from prison, in addition to the punishment provided for in the original judgment, not only fails to expressly vary the law on the subject, but expressly negatives any such legislative intention.

The return to the writ of *habeas corpus* must be held sufficient and the relator, *Charles McCauley,* be remanded to the warden of the state prison.

*By the Court.*—So ordered.