## ROBERTS *v.* LOWRY, sheriff.

HINES, ·J.   1.   Where a person placed on probation violates any of the rules prescribed by the court for his conduct, the probation officer may, at any time prior to the final disposition of the probationer's case, while in his custody, without warrant, bring him before the court, or the court may issue a warrant directing that he be arrested and brought before it; and the court, after due examination, may revoke its leave to the probationer to serve his sentence outside the confines of the chain-gang, jail, or other place of detention.   Acts 1913, pp. 112, 114; Park's Penal Code, § 1081(d); *Olson* v. *State*, 21 *Ga. App.* 795 (95 S. E. 269).

2. The due examination thus provided by the probation law requires that the probationer be given notice and an opportunity to be heard upon the question whether his parole shall be revoked or not; and an order revoking his parole in his absence, without notice and an opportunity to be heard, is null and void.

3. But it appears, under the most favorable view of her case, that the petitioner had not served the original sentence imposed upon her by the court, and that at the time of the institution of this proceeding for habeas corpus the complaint of the probation officer that she had violated the rules prescribed by the court for her conduct while under probation was still pending; and for this reason she was not entitled to a discharge under the writ of habeas corpus at the time it was applied for.   *Shamblin* v. *Penn*, 148 *Ga.* 592 (97 S. E. 520).

4. This renders it unnecessary to pass upon the various questions discussed by counsel in their briefs; but all such questions can be threshed out before the court on the hearing of the complaint of the probation officer to have the parole of the applicant revoked.

*Judgment affirmed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 4844.   JUNE 19, 1925.

Habeas corpus.   Before Judge E. D. Thomas.   Fulton superior court.   February 13, 1925.

Billie Roberts filed a petition for habeas corpus against the sheriff of Fulton County.   She alleges that the sheriff is illegally

restraining her of her liberty, by keeping her confined in jail; that one of the pretended causes of her restraint and confinement is an alleged warrant issued by the judge of the criminal court of Atlanta, charging her with being a fugitive from justice, and the other cause of such restraint and confinement is a purported order passed by the judge of said court, directing her confinement in the chain-gang at the State Farm; that neither of said processes is legal, as she has never been a fugitive from justice, and has never been given an opportunity to be heard on the question of whether or not she is· or .has been a fugitive from justice, or has otherwise violated the probation laws of Georgia. In his answer to the writ the sheriff makes these allegations: As sheriff he is holding petitioner, she having been lawfully lodged with him by. the probation officer of the criminal court of Atlanta, she being charged with the violation of the terms of the order of the court under which she was placed on probation; and at the time of the institution of this suit she was being held for appearance before the judge of said court for the disposition of said charge for violating the terms of her probation. He denies that petitioner is held under any warrant issued by the judge of said court charging her with being a fugitive from justice, but she is being held under the circumstances above stated. She was sentenced, in the criminal court of Atlanta, on May 1, 1924, upon an accusation charging her with a misdemeanor, to serve eight months at the State Farm. She served thirty-five days at said institution under said sentence. On June 5, 1924, the judge of said court passed an order putting her upon probation; that the order of probation provided that she should return to Alabama and live with her father, and that if she came back to Atlanta the probation was to be revoked; and the order reserved the right to revoke the probation at any time when the court, in its discretion,. believed that the conduct of peti-tioner justified it. On June 25, 1924, petitioner violated her probation by coming back to Atlanta and proceeding thence immediately to Florida, where she remained from June 26, 1924, until December 8, 1924, when, upon her return to Atlanta, she was immediately rearrested, and, upon showing of. the probation officer made before the judge of the criminal court of Atlanta, in the absence of the petitioner, the judge passed an order reciting that it had been made to appear to the court that petitioner had violated

the order of probation, and that she be remanded to the common jail of the county to await her delivery to the proper authorities to serve the remainder of her original sentence, said remainder being six months from the date of her delivery. Pursuant to said order of revocation petitioner remained incarcerated at the State Farm from December 10, 1924, until February 6, 1925, when she was erroneously liberated by order of the Prison Commission, the same having been issued upon the assumption that the legal sentence therein had expired on December 31, 1924, and that her incarceration beyond that date had been illegal. It is proper and legal for respondent to hold the person of the petitioner for a hearing and determination of the complaint of the probation officer against her, which is still pending. Under the sentence of the court on May 1, 1924, petitioner served thirty-five days; under the order of probation of June 5, 1924, she served twenty days; and under the order of revocation of the probation of December 8, 1924, she served seventy-five days, making a total of one hundred and eleven days which she has actually served. Under the original sentence she was to serve two hundred and forty days, and she has still to serve one hundred and twenty-nine days under her sentence, with any deduction for good behavior or other like reason. Respondent further sets up that under the order of probation it is not necessary for the judge of the criminal court of Atlanta to accord to the petitioner a hearing, but that said order, on its face, fixes a condition precedent with which the petitioner must comply in order to serve her sentence outside of the State's proper penal institution.

The hearing of the application for habeas corpus seems to have been submitted to the judge upon the petition and answer. The judge refused to discharge the petitioner, and remanded her to the custody of the sheriff, to be dealt with in such manner as the law directs. To this ruling the petitioner excepted.

*Hewitt W. Chambers* and *Chambers & Dickey,* for plaintiff.

*Roy Dorsey, solicitor,* for defendant.

RUSSELL, C. J., concurring specially. Under the terms of the act of 1913 (Acts 1913, pp. 112, 114), as now embodied in sections 1081 (a), (b), (c), (d), of the Code of 1910, it was never contemplated that one convicted of a misdemeanor could be placed upon probation to serve sentence "outside the confines of the chain-

gang, jail, or other place of detention, under the supervision of the court," at any place without the jurisdiction of the State of Georgia, nor can it be assumed that the probation officers which the court was authorized to appoint could exercise extraterritorial jurisdiction. Inasmuch as our laws have no extraterritorial force, it is plain that the provisions of § 1081 (c), conferring upon probation officers "all the powers of police officers," would be of no effect in the State of Alabama. From the record in this case as it appears to me, there was no legal probationary discharge from service of the original sentence. There was rather an attempted banishment to Alabama. However, since it appears that the sentence, for the reasons above stated, was unaffected by the attempt to extend the provisions of the law into the State of Alabama, and it appearing that the defendant has not served the sentence as originally imposed, it was not error to refuse to discharge the petitioner upon the application for habeas corpus.