**UNITED STATES ex rel. NICHOLSON v. DILLARD.**

No. 4402.

Circuit Court of Appeals, Fourth Circuit.

March 6, 1939.

Aaron E. Gottshall, Atty., Department of Justice, of Washington, D. C., and James P. O'Brien, Sp. Asst. to Atty. Gen. (Sterling Hutcheson, U. S. Atty., and John V. Cogbill, Asst. U. S. Atty., both of Richmond, Va., and Dan M. Jackson, Sp. Asst. to Atty. Gen., on the brief), for appellant.

No appearance for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and WYCHE, District Judge.

PARKER, Circuit Judge.

This is an appeal in a habeas corpus proceeding from an order discharging one Robert B. Dillard from the custody of the Superintendent of the Federal Reformatory Camp at Petersburg, Va. On Nov. 23, 1933 Dillard was sentenced to a three year term in prison by the United States District Court for the Southern District of West Virginia and was confined in the Atlanta Penitentiary. On January 26, 1936, being entitled to a deduction of 252 days for good behavior under 18 U.S.C.A. 710, he was granted a conditional release as if on parole, pursuant to the provisions of 18 U.S.C.A. 716b. On March 18, 1936 he was convicted and sentenced to a term of three years' imprisonment and assigned to the Federal Reformatory Camp at Petersburg. On July 8, 1938, being entitled to a good time deduction from the last sentence, he was conditionally released from the Reformatory Camp, but was immediately arrested under a warrant which had been issued by a member of the Board of Parole on Feb. 1, 1936, charging violation of the conditions of the release granted on January 26, 1936, from the first term of imprisonment. The warrant under which the arrest was made was as follows:

"Form 52 (Original)
"Department of Justice
"Washington, D. C.
"Warrant

"For retaking prisoners released under authority Pub. 210, 72d Congress

"The United States Board of Parole

To any Federal Officer Authorized to Serve Criminal Process Within the United States:

"Whereas Robert B. Dillard, Reg. No. 4389A, was sentenced by the United States District Court for the Southern District of West Virginia to serve a sentence of three years ——— months and ——— days for the crime of violation National Motor Vehicle Theft Act [18 U.S.C. A. § 408] and was on the twenty-sixth day of January 1936 released conditionally from the United States Penitentiary, Atlanta, Georgia.

"And, Whereas, satisfactory evidence has been presented to the undersigned Member of this Board that said prisoner named in this warrant has violated the conditions of his release and is therefore deemed to be a fugitive from justice:

"Now, Therefore, this is to command you to execute this warrant by taking the said Robert B. Dillard, wherever found in the United States, and him safely return to the institution hereinafter designated.

"Witness my hand and the seal of this Board this first day of February, 1936.
"(Signed) G. Weblen Wilson,
"Member, U. S. Board of Parole.

"When apprehended communicate with Director, Bureau of Prisons, for instructions."

Following Dillard's arrest, he was held at the Reformatory Camp to await the next meeting of the Board of Parole to be held at that institution. He at once sued out a writ of habeas corpus charging that his detention was unlawful; and the District Judge held that the warrant under which he was held was defective in not stating the respects in which the parole had been violated, in not directing that he be returned to the Atlanta Penitentiary and in not specifying the number of days within which he should be returned.

The only question properly before us is the legal sufficiency of the warrant issued by the member of the Parole Board as authority for the arrest and detention of the prisoner. Whether the hearing on the revocation of the parole was required by law to be held at the Atlanta Penitentiary or whether the prisoner was entitled upon his arrest to be taken there for hearing within a reasonable time, are matters that we need not consider; for if the warrant was sufficient to authorize the arrest and holding of the prisoner, he was not entitled to discharge upon a writ of habeas corpus applied for immediately after his arrest, whatever may have been contemplated by the authorities as to the place of holding the hearing. Without intimating that the denial of the hearing provided by

# 96

statute, 18 U.S.C.A. § 719, would under no circumstances be ground for release under habeas corpus, we think it clear that ordinarily the remedy of a prisoner who thinks that he is not being accorded the hearing which the statute contemplates is not habeas corpus, but mandamus (U.S. ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d .468, 471); and certainly if the warrant under which he has been arrested is sufficient to authorize his detention, he should not be released merely because it does not direct his return to the proper prison for hearing, but amendment so as to direct proper return should be permitted.

 We think the warrant was clearly sufficient to authorize the arrest and detention of the prisoner. It recited his imprisonment and conditional release and the fact that satisfactory evidence had been presented to a member of the Parole Board that he had violated the conditions of his release and directed his arrest. This was sufficient. Nothing in any statute requires anything more; and in the reason of the case nothing more was required. The status of the prisoner while under conditional release was that of a prisoner on parole. 18 U.S.C.A. 716b. While this was an amelioration of punishment, it was imprisonment in legal effect. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 45, 68 L.Ed. 247. He was bound to remain in the legal custody and under the control of the warden of the penitentiary; and the issuance of the warrant for his arrest was but the assertion of the authority over him vested by law in the Board of Parole because of his imprisonment. As said in the case just cited, his violation of the conditions of release, evidenced by the warrant of the Parole Board and his subsequent conviction and imprisonment, interrupted his service under the original sentence "and was in legal effect on the same plane as an escape from the custody and control of the warden. His status and rights were analogous to those of an escaped convict". An escaped convict is not entitled to release because the warrant for his rearrest does not set forth the reasons for confining him in prison or direct the prison to which he is to be returned for confinement. On the contrary, he may be arrested at any time and confined under the authority of the original judgment until the term of his imprisonment has been accomplished. 10 R.C.L. 590; In re McCauley, 123 Wis. 31, 100 N.W. 1031, 3

Ann.Cas. 414 and note. And the Director of the Bureau of Prisons, acting under the Attorney General, may designate or change the place of his imprisonment. 46 Stat. 325-326-327, 18 U.S.C.A. § 753 et seq.

As we pointed out in Jarman v. United States, 4 Cir., 92 F.2d 309, 311, a warrant issued by the Parole Board for the arrest of a paroled prisoner is not to be judged by the same standards as a warrant for the arrest of one merely charged with crime or a warrant for the search and seizure of property. The prisoner's guilt of crime has already been adjudged, sentence of imprisonment has been imposed upon him, and the purpose of the warrant is merely to restore him to custody and "to advise him of the purpose of his reincarceration." See, also, Story v. Rives, 68 App.D.C. 325, 97 F.2d 182.

The judgment of the District Court will be reversed and the case will be remanded with directions that Dillard be restored to the custody of the Superintendent of the Federal Reformatory Camp at Petersburg, Va.

Reversed.