UNITED STATES of America,
v.
Willie JACKSON, Defendant.

United States District Court
S. D. New York.
April 18, 1958.

Paul W. Williams, U. S. Atty., Southern Dist. of New York, for United States, James G. Starkey, Asst. U. S. Atty., Brooklyn, N. Y., of counsel.

Bernard Moldow, New York City, for defendant.

FREDERICK van PELT BRYAN, District Judge.

The defendant, charged upon this indictment with illegal possession of 13 grains of heroin, in violation of Sections 173 and 174, Title 21, United States Code Annotated, acting pro se, moved, pursuant to Rule 41, Federal Rules of Criminal Procedure, 18 U.S.C.A., to suppress evidence in the possession of the Government consisting of the 13 grains of heroin which are referred to in the indictment upon the ground that this evidence was obtained as a result of an illegal search and seizure. The defendant is now represented by counsel, who has thoroughly and ably argued before this court the merits of the defendant's motion, and the defendant has indicated in open court that he is satisfied with the presentation made on his behalf by his counsel and has nothing to add thereto.

The facts relevant to the application were stipulated on the record, and they are as follows:

On November 1, 1957 a warrant for the arrest of the defendant for violation

of parole was issued pursuant to 18 U.S.C. § 4205. The warrant was in the usual, form, addressed to any Federal officer authorized to serve criminal process within the United States. It recited that the defendant had been sentenced by the United States District Court for the Western District of Missouri to serve a sentence of five years for the crime of "Narcotic Act: Receive—conceal and conspiracy" and was released on parole from the United States Penitentiary at Leavenworth on April 13, 1955, with 1,029 days remaining to be served. It further recited that reliable information had been presented to the member of the Parole Board signing the warrant that the prisoner had violated parole. The warrant commanded that defendant be taken into custody wherever found in the United States and returned to the institution designated, according to law.

On March 11, 1958, a teletype was received by the Federal Bureau of Narcotics in New York City advising that a warrant was outstanding for the defendant for violation of parole; that he was believed to be residing in Room 621 at the Nevada Hotel, New York City, under the alias of L. L. Ridick, and requesting his apprehension. The teletype also stated, "Subject also wanted by Chicago P.D. for jumping $20,000 bail on narcotic case."

On March 11, 1958, two Federal narcotic agents, having been informed by the teletype of the outstanding warrant, went to defendant's room in the Nevada Hotel and there arrested him pursuant to the warrant. They searched his person and found concealed in his glove the 13 grains of heroin which is the evidence he now moves to suppress.

Thereafter the present indictment was found against the defendant for unlawful possession of this narcotic drug.

It is conceded that the warrant of arrest was duly issued. While the officers did not have possession of the warrant when they made the arrest, they were informed that it was outstanding and they made the arrest pursuant thereto.

The defendant argues that this arrest was unlawful since neither the warrant nor a copy of it was in the possession of the Federal agents when the arrest was made.

Defendant is prepared to concede that this point would not be well taken if the warrant had been issued pursuant to Rule 4 of the Federal Rules of Criminal Procedure, for it is there provided (subdivision (c) (3) that:

> " * * * The officer need not have the warrant in his possession at the time of the arrest, but upon request he shall show the warrant to the defendant as soon as possible. If the officer does not have the warrant in his possession at the time of the arrest, he shall then inform the defendant of the offense charged and of the fact that a warrant has been issued."

The defendant argues, however, that since the warrant was a warrant for parole violation issued pursuant to 18 U.S.C. § 4205, the provisions of Rule 4 do not govern and it is necessary for the arresting officer to have the warrant in his possession if the arrest is to be lawful.

The notes of the Advisory Committee on the Criminal Rules to Rule 4(c) (3) state:

> " * * * The provision that the arresting officer need not have the warrant in his possession at the time of the arrest is rendered necessary by the fact that a fugitive may be discovered and apprehended by any one of many officers. It is obviously impossible for a warrant to be in the possession of every officer who is searching for a fugitive or who unexpectedly might find himself in a position to apprehend the fugitive. The rule sets forth the customary practice in such matters, which has the sanction of the courts."

The notes quote from In re Kosopud, D.C., 272 F. 330, 336, to the following effect:

"It would be a strong proposition in an ordinary felony case to say that a fugitive from justice for whom a capias or warrant was outstanding could not be apprehended until the apprehending officer had physical possession of the capias or the warrant. If such were the law, criminals could circulate freely from one end of the land to the other, because they could always keep ahead of an officer with the warrant."

The status of a person charged with parole violation is defined in Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, 188, as follows:

"A warrant issued for the retaking of a person under these laws proceeds upon an entirely different premise and serves a different purpose than in the case of a warrant for the arrest of a person charged with the commission of a crime. A released prisoner is not a free man. Prior to the expiration of his maximum term he is a ward of the Parole Board, subject to its control and care. The Supreme Court has characterized the violation of a condition of parole as being, in legal effect, on the same plane as an escape from the custody of the warden. 'His status and rights were analogous to those of an escaped convict.' Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 45, 68 L.Ed. 247. See Stockton v. Massey, 4 Cir., 34 F.2d 96; Morgan v. Aderhold, 5 Cir., 73 F.2d 171. Consequently, it cannot be said that the retaking of a prisoner who is already within the legal custody of the authorities constitutes an arrest within the meaning of the constitutional provisions."

In United States ex rel. Nicholson v. Dillard, 4 Cir., 102 F.2d 94, 96, it is stated:

"* * * A warrant issued by the Parole Board for the arrest of a paroled prisoner is not to be judged by the same standards as a warrant for the arrest of one merely charged with crime or a warrant for the search and seizure of property. The prisoner's guilt of crime has already been adjudged, sentence of imprisonment has been imposed upon him, and the purpose of the warrant is merely to restore him to custody and 'to advise him of the purpose of his reincarceration.' "

Without attempting to define the extent of the rights of a prisoner being arrested on a warrant charging violation of parole, it certainly cannot be said that he is entitled to any more protection upon arrest than an accused who is arrested upon a warrant issued upon a complaint under Rule 4, F.R.Cr.P. The reasoning of the Advisory Committee on Rules, which has just been quoted, indicates plainly that it would be anomalous to do so and that persons with the status of an escaped convict should not be permitted to "circulate freely from one end of the land to the other, because they could always keep ahead of an officer with the warrant."

There is no claim here that there was any defect in the arrest, technical or otherwise, except the failure of the officers to have the warrant with them. I, therefore, hold that the arrest here was lawful and proper.

The defendant further argues that even if the arrest were lawful, the Government was not entitled to seize the 13 grains of heroin found on defendant's person because the heroin was not evidence pertaining to the offense for which the warrant was issued, but was evidence of a crime about which the Government knew nothing at the time of the arrest. I see no merit in this contention.

It has always been recognized under both English and American law that the Government has the right when mak-

**42**

ing a lawful arrest to search the person of the accused to discover and seize the fruits or evidences of crime. Weeks v. United States, 232 U.S. 383, 392, 34 S.Ct. 341, 58 L.Ed. 652; United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653. Indeed, this right extends beyond the person of the one arrested to include the premises or things under his immediate control. Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; Harris v. United States, 331 U.S. 145, 151, 67 S.Ct. 1098, 91 L.Ed. 1399.

It is argued that this right of search and seizure applies only to evidence which would connect the accused either directly or indirectly with the crime for which he is being arrested. The defendant urges, therefore, that since the narcotics which were found in defendant's possession did not directly relate to the violation of parole, for which he was being arrested, the Government had no right to seize them.

■ This was property which was contraband and its very possession was a crime. During the course of a valid search of defendant's person the agents came upon such contraband in the defendant's illegal custody. Since the arrest is valid there is nothing in the Fourth Amendment which inhibits the seizure by law enforcement agents of property the possession of which is a crime, even though it be not connected with the crime or offense for which the accused is being arrested. Harris v. United States, supra, 331 U.S. at page 155, 67 S.Ct. at page 1103, and cases there cited.

■ Moreover, the very possession of the narcotic drug was in itself evidence of parole violation and was, therefore, related to that charge. Cf. Harris v. United States, supra.

■ The motion of the defendant to suppress the evidence seized by the agents, is therefore, in all respects denied.