Hunstein, Justice.
In Sentinel Offender Svcs., LLC v. Glover, 296 Ga. 315, 329 (3) (b) (766 SE2d 456) (2014) (“Sentinel J”), we concluded that Georgia’s private probation statutory framework, see OCGA § 42-8-100 et seq., does not allow for the tolling of misdemeanor probationers’ sentences. As we noted in Sentinel I, however, that case provided no occasion *855 to consider whether such tolling might be permissible as a matter of common law, and, if so, whether this tolling doctrine has been abrogated by legislation. Id. at 330, n. 25. Now, having been asked by the United States District Court for the Southern District of Georgia to address these unanswered questions, we conclude that, as a matter of common law, the mere passage of time does not extinguish an unserved sentence and that the common law principle has not been abrogated by the State-wide Probation Act.[1]
Richard Lamar Anderson filed a complaint against Sentinel Offender Services, LLC (“Sentinel”), seeking relief for false arrest, malicious arrest, malicious prosecution, intentional infliction of emotional distress, and false imprisonment stemming from his arrests for violations of his probation, which had been deemed tolled; Sentinel subsequently moved for summary judgment. Initially, this matter was stayed until this Court announced a decision in Sentinel I, but, following our decision in that case, Sentinel took the position that Anderson’s misdemeanor probation was properly tolled under Georgia common law. The district court concluded that Anderson’s civil action hinges on the question of common law tolling and certified the following questions to this Court:
1. Is tolling authorized for privately supervised misdemeanor probated sentences under Georgia common law?
2. If so, has the common law rule that allows tolling of misdemeanor probated sentences been abrogated by the State-wide Probation Act?
We answer the first question in the affirmative and the second in the negative.
1. As we noted in Sentinel I, “with respect to a misdemeanor conviction, sentences are fixed at one year and once a sentence has been served, jurisdiction over the defendant ceases.” (Emphasis supplied.) 296 Ga. at 329. Under common law, the actual fulfillment of the terms of a misdemeanor sentence — the “service” of that sentence — dictates the completion of that sentence.
[T]he sentence of the law is . . . satisfied only by the actual suffering of the imprisonment imposed, unless remitted by *856 death or by some legal authority. The punishment is imprisonment, the period of which is expressed only by the designated length of time. Neither the date of its commencement, nor of its expiration, is fixed by the terms of the sentence.
Dolan’s Case, 101 Mass. 219, 222 (1869). Applying Dolan’s Case in Neal v. State, this Court recognized that “ ‘[t]he sentence of a convict to imprisonment for a term expressed only by designating the length of time is to be satisfied only by his actual imprisonment for that length of time’ ” and, accordingly, held that it was proper to enforce an unserved six-month sentence, which had been unlawfully suspended, even though that sentence was imposed more than six months after it was pronounced. 104 Ga. 509, 519 (2) (30 SE 858) (1898). The principle announced in Neal — that the mere passage of time does not extinguish a sentence — has been applied to felony sentences, see, e.g., Dixon v. Beaty, 188 Ga. 689 (4 SE2d 633) (1939),[2] and, of significance here, to misdemeanor sentences. See Scott v. Griffin, 170 Ga. 368, 369 (1) (a) (153 SE 25) (1930) (defendant’s misdemeanor sentences “not affected by reason of the fact that the length of time for which [defendant] was sentenced has expired, where it appears that he has not actually served such sentences”); Conley v. Pope, 161 Ga. 462, 462-463 (4) (131 SE 168) (1925) (“[T]he judge properly refused to grant to [the defendant] the writ of habeas corpus sued out against the sheriff. [Cit.] This is true although the subsequent arrest of the defendant was after the expiration of twelve months from the date of the [twelve-month] sentence.”); Norman v. Rehberg, 12 Ga. App. 698, 702 (78 SE 256) (1913) (“[C]ertainly [defendant] could not claim the expiration of a sentence under which he had not served a single day, merely because the period of time which had elapsed was longer than the sentence originally imposed.”); Avery v. State, 22 Ga. App. 746 (97 SE 204) (1918) (no error in the enforcement of a 12-month sentence though it was imposed more than 12 months from the date of its pronouncement). See also Crosby v. Courson, 181 Ga. 475 (5) (182 SE 590) (1935); Short v. Dowling, 138 Ga. 834 (76 SE 359) (1912); Daniel v. Persons, 137 Ga. 826 (74 SE 260) (1912); O’Dwyer v. Kelly, 133 Ga. 824 (67 SE 106) (1910).
While many of these decisions involve unserved misdemeanor sentences that were, at the time, unlawfully suspended, this principle is not exclusive to that scenario. See, e.g., Etheridge v. Poston, 176 Ga. 388 (2) (168 SE 25) (1933) (25-day sentence, the service of which was postponed, was not extinguished by the mere passage of *857 time and the defendant was not entitled to be discharged from his sentence where he had not served any portion of it). Likewise, though the common law principle originated with unserved.terms of imprisonment, it was similarly applied to probated sentences, once such sentences became lawful in 1913; this is so because “one thus serving a sentence on probation is fulfilling his sentence as effectually as if confined in jail or on the chain-gang.” Roper v. Mallard, 193 Ga. 684, 684 (2) (19 SE2d 525) (1942). In Shamblin v. Penn, 148 Ga. 592 (97 SE 520) (1918), the defendant was convicted of two misdemeanors and sentenced to concurrent eight-month sentences; the defendant was placed on probation but fled the jurisdiction a month later. The defendant was apprehended approximately a year later and ordered to serve the balance of his sentence on a chain gang. This Court held that the trial court had the authority to revoke the defendant’s probation and impose the original sentence — notwithstanding the fact that this sentence was imposed “after the expiration of more than eight months from the date of the sentences” — because the defendant “had not at that time served the sentences imposed.” Id. at 592. See also Roberts v. Lowry, 160 Ga. 494 (128 SE 746) (1925) (defendant not entitled to be released on the sentence’s original expiration date where she failed to comply with the terms of her probation and had not yet served the balance of her original sentence). The United States Supreme Court, also relying on Dolan’s Case, has reached a similar conclusion, though with respect to a fugitive parolee convicted of a felony. See Anderson v. Corall, 263 U. S. 193, 196 (44 SCt 43, 68 LE 247) (1923) (“Mere lapse of time without imprisonment or other restraint contemplated by the law does not constitute service of sentence. Escape from prison interrupts service, and the time elapsing between escape and retaking will not be taken into account or allowed as a part of the term.”).
Though none of the foregoing decisions specifically refer to the concept of “tolling,” that principle is clearly at work. See Black’s Law Dictionary 1716 (10th ed. 2014) (defining “toll” as “to stop the running of; to abate”). Under common law, a misdemeanor sentence — even one to be served on probation ■— is not extinguished by the mere passage of time, and any unserved term of that sentence may be enforced beyond the expiration of that original sentence; this principle, in effect, tolls the expiration of the sentence and concomitantly extends the jurisdiction of the sentencing court.[3] See OCGA § 42-8-102 (f) (1) (“The sentencing judge shall not lose jurisdiction over *858 any person placed on probation during the term of his or her probated sentence.” (Emphasis added.)).[4] Therefore, we conclude that tolling existed at common law and answer the first certified question in the affirmative.
2. “The common-law rule is still of force and effect in this State, except where it has been changed by express statutory enactment or by necessary implication.” Robeson v. Intl. Indem. Co., 248 Ga. 306, 307 (1) (282 SE2d 896) (1981). Probation is a creature of statute, and, as noted above, in 1913 the General Assembly empowered courts in this state to impose such a sentence for certain felony and misdemeanor offenses. See Ga. L. 1913, p. 112. The 1913 act, however, neither referenced tolling nor expressly preempted existing common law regarding the treatment of unserved sentences; such a conclusion is bolstered by this Court’s decisions in Shamblin and Roberts, supra, both of which applied the common law principle of tolling to probation well after the enactment of the 1913 act.
The General Assembly overhauled probation in 1956 with the “State-wide Probation Act,” see Ga. L. 1956, p. 27; this legislation, though much more comprehensive, was equally silent on the issue of tolling until it was amended in 1958. In that year, the General Assembly amended the act to add the following language:
The failure of a probationer to report to his probation officer as directed, or upon a return of non est inventus, or other return to a warrant for the violation of the terms and conditions of probation, that the probationer cannot be found in the county that shall appear to be the probationer’s county of residence from the records of the probation officer, shall automatically suspend the running of the [probated] sentence until the probationer shall personally report to the probation officer and such period of time shall not be included in computing creditable time served on probation nor as any part of the time that the probationer shall have been sentenced to serve.
Ga. L. 1958, pp. 15, 22, § 9. We agree with Sentinel that the General Assembly did not abrogate the common law principle of tolling with *859 the 1958 amendment; instead, the General Assembly codified the common law principle.[5] See Dion v. Y.S.G. Enterprises, Inc., 296 Ga. 185, 189 (766 SE2d 48) (2014) (“As the General Assembly can expand and create exceptions to the common law, it can also codify it”). Though this provision remains good law, see OCGA § 42-8-36 (a), and was once applicable to both felony and misdemeanor probation,[6] it is currently codified in the portion of the State-wide Probation Act that is inapplicable to the private probation scheme for misdemeanors. See Sentinel I, 296 Ga. at 327-328; OCGA § 42-8-30. The question, then, is whether common law tolling remains in force with respect to misdemeanor probation. We believe that it does.
As an initial matter, common law tolling has never been expressly abrogated and, though the now-codified tolling provision has been made inapplicable to misdemeanor probation by way of OCGA § 42-8-30, we do not think that fact concludes the matter. Notably, OCGA § 42-8-30 renders the entirety of the State-wide Probation Act inapplicable to misdemeanor probation, not just its tolling provision and, thus, does not necessarily imply an abrogation of the common law rule. See Robeson, 248 Ga. at 307. Further, though the General Assembly is presumed to act with the full knowledge of existing law, see Peachtree-Cain Co. v. McBee, 254 Ga. 91 (1) (327 SE2d 188) (1985), it is also true that “a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part” because “[i]t is not presumed that the legislature intended that any part would be without meaning.” Houston v. Lowes of Savannah, Inc., 235 Ga. 201, 203 (219 SE2d 115) (1975). Here, any construction of the *860 misdemeanor probation scheme that abrogates common law tolling would render misdemeanor probation unenforceable in some situations, as it would allow defendants to avoid their sentences by simply avoiding apprehension until the expiration of their original sentence. We cannot say that the General Assembly meant to enact an ineffective misdemeanor probation scheme without any mention of abrogating the well-established common-law and common-sense principle of tolling.[7] Accordingly, we conclude that common law tolling of misdemeanor probation sentences was not abrogated by the Statewide Probation Act, and we answer the second certified question in the negative.

Certified questions answered.

All the Justices concur, except Thompson, C. J., and Benham, J., who dissent.

 The private probation statutory scheme, applicable to misdemeanor probation, has since been amended, effective July 1,2015, to include a tolling provision for misdemeanor probation. See Ga. L. 2015, pp. 440, 446, § 3-2. We render no opinion in this case as to the effect of this amendment on the principle of common law tolling.

 See also Turner v. Courson, 181 Ga. 517 (2) (182 SE 855) (1935).

 We note, however, that the mere failure of a defendant to abide by the terms of a misdemeanor sentence will not alone toll that sentence; instead, tolling requires a judicial *858 determination of a violation sufficiently serious that the defendant was not serving the sentence imposed and of the time when that violation occurred. See Roberts and Shamblin, supra.

 Though this language is taken from a statute that became effective July 1, 2015, the language appears to be wholly unchanged from when it was originally placed in OCGA § 42-8-100 in 2001. See Ga. L. 2001, pp. 813, 814, § 2.

 The dissent takes issue with a 1986 amendment that added the following provision: “The effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus.” The dissent posits, without citation to authority, that this amendment “significantly altered” tolling as it existed at common law and, thus, abrogated that doctrine as it originally existed. As an initial matter, we disagree that the 1986 amendment constitutes an express abrogation of common law; neither the amendment nor any other provision of the State-wide Probation Act expressly references common law tolling. See Black’s Law Dictionary 8 (10th ed. 2014) (defining “express abrogation” as the “repeal of a law or provision by later one that refers directly to if) (emphasis added). Further, the mere fact that the codification is not identical to the original common law does not imply abrogation, either. See Black’s Law Dictionary 8 (10th ed. 2014) (defining “implied abrogation” as “the unannounced or nonexplicit repeal of a legal doctrine, legal power, or other rule, esp. resulting from an old law’s incompatibility with a new one; specif., the nullification of a law or provision by a later one that is inconsistent with or contradictory to the first, without an express repeal”) (emphasis added). We cannot say that, by adding the “non est inventus” provision, the 1986 amendment changed the core rule of common law tolling or that it is incompatible with or contradictory to the common law.

 Ostensibly the provision was applicable to both felony and non-private misdemeanor probation until January 1, 2001 when the Department of Corrections was divested of the responsibility to supervise misdemeanor probationers. See Ga. L. 2000, p. 1645, § 1; see also OCGA § 17-10-3 (f).

 While it may be true that the General Assembly has opted to treat felony and misdemeanor probation differently, it does not follow that the General Assembly intended to abrogate a common law doctrine that it adopted and codified more than 50 years ago. Likewise, it is unreasonable to conclude, as the dissent does, that the General Assembly intended to enact legislation regarding misdemeanor probation that could encourage non-compliance with that probation; notably, the dissent fails to address this absurd outcome, and the dissent’s construction of the State-wide Probation Act and Article 6 fails to harmonize the two statutory schemes and fails to give sensible and intelligent effect to each provision. Houston, 235 Ga. at 203.