CURRY and Others v. BRATNEY.

WILL—CONTEST OF.—In a suit to contest the validity of a will, upon the ground that the testator, when he executed it, was not of sound mind, the instrument itself, though admitted to probate, may be received in evidence without the probate.

EVIDENCE.—The refusal to admit evidence which is not obviously pertinent to the issue, is not error, if its pertinency was not shown to the court when it was offered.

WILL—CONTEST OF.—A suit to contest the validity of a will lies, under the statute, as well after as before the instrument is admitted to probate.

SAME.—A successful contest of a will revokes the probate, where it has been granted, and prevents it where it has not.

APPEAL from the *Monroe* Common Pleas.

FRAZER, C. J.—This was a suit to contest the validity of a will, upon the ground that the testator, at the time of its execution, was not of sound mind. A jury determined, upon that ground, in favor of the contestant; and the executor, and parties interested in the will, bring the case here, assigning for error the refusal of the court to grant a new trial.

We have looked into the evidence, which is quite voluminous, and it makes such a case that we would not be warranted in saying that the verdict should not stand because the evidence was insufficient. A cause assigned for

a new trial was that the court erred in allowing the will to go in evidence without the probate thereof. We do not deem that proceeding erroneous in such a case. Had either party been claiming some right by virtue of the will, the question would have been different. But in this case the question was as to the validity of the will, and the instrument itself would ordinarily afford some evidence as to the sanity of the person who executed it. Doubtless it was with that view that it was offered. But the probate thereof was altogether different, and, for the purposes of this case, a distinct thing, most likely to weigh upon the other side, and we think that the contestant was not bound to use it as evidence.

Another reason assigned for a new trial, was the refusal of the court to admit proof of the contents of a prior will of the decedent, which had been destroyed by him, there being evidence tending to show that when it was executed he was competent to make a will. We can readily conceive that such evidence might, in some instances, tend to rebut any inferences drawn from the last will itself that the decedent was not of sound mind at the date of its execution, as for example, if the former one was essentially the same as the latter in such of its provisions as would somewhat indicate mental unsoundness. But if no such similarity existed, it would be difficult to perceive how the contents of the former paper could assist the jury in reaching a correct verdict upon the issue which they were trying. It does not appear, from the record before us, that the court was informed of the specific nature of the evidence sought to be introduced. Without this information, the judge could not know, nor can we know, that the proof would have been relevant. Whenever evidence offered does not obviously bear upon the question at issue, as it always must when it constitutes a part of the *res gestæ*, the court should be so advised of its character that its relation to the case may be seen. If this were not so, the offer of such evi-

Curry and Others *v.* Bratney.

dence would speedily become an efficient device for the reversal of just judgments.

There was no evidence before the jury that the will had been admitted to probate, and the appellants asked an instruction that in such a state of case the verdict must be against the contestant. This was refused, and was assigned as a cause for a new trial.

We are of opinion that the instruction was correctly refused. The statutory proceeding for trying the question of the validity of a will (2 G. & H. 558, *et seq.*) does not, it seems to us, involve any question as to whether the will has been admitted to probate. It may be instituted before probate or after. In either case it raises simply the question of the validity of the will. In the first case the contest, if successful, prevents the probate, while in the last it revokes it. It attaches itself to and becomes part of the proceedings of the probate, so that if the will has been previously admitted to probate, the court takes judicial notice of that fact; if it has not been admitted, the judgment rests without action until the will is offered for probate, if it has not been offered. This view seems but to accord with the spirit of the statute, consists most with the attainment of just results, and prevents the interference of merely technical questions in the investigation, while it effectually answers all the ends of the statute. In accordance therewith, in a case like this, where it appears by the allegations of the contestant that probate had been made, if such was not the fact, as appeared to the court by its own records, the contest would be dismissed at the start.

The judgment is affirmed, with costs.

*S. H. Buskirk, J. S. Broadwell, J. S. S. Hunter, P. C. Dunning* and *J. B. Mulkey*, for appellant.

*G. H. Buskirk, J. E. McDonald*, and *A. L. Roache*, for appellee.