No. 9610.

## PARKER *v.* THE STATE.

PRESUMPTIONS.—*Trial Court.—Supreme Court.—Evidence.—Practice.*—In the Supreme Court, all the presumptions go in favor of the proceedings below, and a judgment will not be reversed for the exclusion of evidence unless it be shown that the evidence excluded had some relation to the real and particular question involved at the trial.

CRIMINAL LAW.—*Injuring Toll-Gate.—Turnpike.—Highway.—Presumption.— Instructions.*—In the absence of the evidence given upon the trial of a person indicted for unlawfully injuring a toll-gate, 2 R. S. 1876, p. 479, sec. 66, instructions correctly defining the rights of the travelling public over turnpikes constructed upon existing highways will be presumed applicable to the evidence.

From the Fayette Circuit Court.

*C. Roehl* and *R. Conner,* for appellant.

*D. P. Baldwin,* Attorney General, *W. W. Thornton, M. D. Tackett, L. W. Florea* and *G. C. Florea,* for the State.

NIBLACK, J.—This was a prosecution against David Parker, upon an indictment for unlawfully injuring a toll-gate, the property of the Waterloo Township Turnpike Company, under section 66 of the misdemeanor act, 2 R. S. 1876, p. 479.

A motion to quash the indictment was overruled. Trial by

a jury. Verdict finding the defendant guilty as charged. Motion for a new trial overruled, and judgment on the verdict.

Error is assigned upon the overruling of the motion to quash the indictment, and upon the denial of the motion for a new trial.

No question is presented here upon the alleged insufficiency of the indictment, as counsel for the appellant have failed to indicate any specific objection to the indictment.

At the trial, the appellant offered to prove, by his own testimony, that he had paid his toll over the turnpike company's road in advance, by labor upon the road, and that he broke down the toll-gate, constituting the injury complained of, because the gate-keeper would not permit him to pass without the further payment of toll. This proposed evidence was excluded by the court. Its exclusion was assigned as a cause for a new trial, and is urged here as a reason for a reversal of the judgment.

But the evidence admitted upon the trial is not in the record. We have, therefore, nothing before us indicating the theory upon which the action was prosecuted, or showing the facts upon which the State relied for a conviction.

Without deciding that the proposed evidence was in any event inadmissible, we are without the means of ascertaining whether it had any relevancy to the evidence introduced, or the case made by the State.

All the presumptions go in favor of the proceedings below, and a judgment will not be reversed for the exclusion of evidence, unless it be shown that the evidence excluded had some relation to the real and particular question involved at the trial. *Curry* v. *Bratney*, 29 Ind. 195.

Objection is also made to two of the instructions given to the jury. These instructions, each in a different form, purported to define the rights of the travelling public over turnpike roads constructed along and upon previously existing highways, and so far as we have observed gave the law correctly as applicable to that class of turnpike roads.

It is insisted that these instructions ought to have been so framed as to apply to every class of turnpike roads, and that, because they were not so framed, they were erroneous. The evidence, however, not being in the record, we must presume that the instructions were applicable to the evidence, and that the turnpike road, to which the evidence referred, was shown to have been constructed over and upon a previously existing highway.

The record discloses nothing requiring us to reverse the judgment below.

The judgment is affirmed, with costs.