[No. 20863. In Bank.—July 15, 1891.]

Ex parte D. M. VANCE, on Habeas Corpus.

CONTEMPT — IMPRISONMENT FOR FINE — UNAUTHORIZED RELEASE — EXPIRATION OF TERM.— When a person has been regularly adjudged guilty of a contempt of court, and has been fined therefor, and ordered to be imprisoned until the fine be paid, at the rate of one dollar per day, an unauthorized release of the prisoner by the sheriff pending an appeal, until after the term of imprisonment which would have satisfied the fine has expired, cannot have the effect to extinguish the fine, or to shorten the term of actual imprisonment required to satisfy it if not otherwise paid.

CRIMINAL LAW — SENTENCE OF IMPRISONMENT — ESCAPE — DURATION OF TERM.— The unauthorized release or departure of a prisoner under sentence of imprisonment, without having been discharged in due course of law, is, in effect, a technical escape, from which he can derive no advantage, and the time of his absence cannot be computed as any part of the term of imprisonment.

ID.— EXECUTION OF SENTENCE — EXTENT OF PUNISHMENT — EXPIRATION OF TIME.— The essential part of a sentence of imprisonment is not the time when it should be executed, but the extent of the punishment fixed; and expiration of time, without imprisonment, is in no sense an execution of the sentence.

APPLICATION to the Supreme Court for release upon *habeas corpus*. The facts are stated in the opinion of the court.

*A. H. Carpenter*, for Petitioner.

*S. C. Denson, Wilson & Wilson,* and *Louttit, Woods, & Levinsky,* for Respondent.

De Haven, J. — The return to the writ of *habeas corpus* issued herein shows that the petitioner, D. M. Vance, was, on October 18, 1889, adjudged by the superior court of Sacramento County to be guilty of contempt, and to pay a fine therefor of three hundred dollars, and to be imprisoned in the county jail of Sacramento County until such fine was paid, in the proportion of one day for every dollar of the fine. The petitioner was on that day committed to jail under said judgment, and there remained until October 22, 1889, when he was released by the sheriff, and remained at liberty, free, and without confinement, until June 10, 1891, at which date he was rearrested, under an order of the superior court made June 9, 1891, directing that its former judgment be enforced. The release of petitioner by the sheriff was not by any order of the court, but upon an undertaking given by petitioner on appeal to the supreme court from said judgment of contempt, and it may be assumed that both the sheriff and the petitioner acted upon the belief that the execution of said judgment was stayed by said appeal and undertaking. The petitioner now claims his release, upon various grounds which assail the validity of the original judgment for contempt, and also because "the term of such imprisonment has long expired, and there having been no legal or authorized suspension of said judgment."

In regard to the first claim of petitioner, it will be sufficient to say that the affidavits charging him with contempt were such as to authorize the order which directed him to show cause why he should not be punished for the contempt therein alleged, and the subsequent proceedings, ending in the judgment for contempt, were regular and the judgment itself valid.

The remaining ground upon which the petitioner

XC. Cal.—14

claims his release presents the single question whether his release from jail under the circumstances here stated, and thereafter remaining at large, with free and perfect liberty, for a length of time sufficient to have satisfied said judgment if he had remained in jail, operate as a complete execution of the judgment; and it would seem from the mere statement of the proposition that the contention of petitioner on this point cannot be sustained. The sentence of the court was that he pay a fine, and that part of the judgment relating to imprisonment was merely incidental to the judgment of fine, and in the nature of an award of execution directing the particular way in which that judgment should be enforced, in the event of the non-payment of the fine imposed; and it seems clear to us that such judgment can only be satisfied by a compliance with its terms. In this case it is admitted that the judgment of fine has not been paid, and that the defendant has not suffered the alternative of actual imprisonment.

The time of petitioner's absence from jail, in violation of law, cannot be considered as having been spent in jail, in satisfaction of the judgment, which required his actual imprisonment. The act of the sheriff in releasing the petitioner was unauthorized, and petitioner's departure from the jail to which he had been lawfully committed, without having been discharged by due course of law, was equally so, and was, in effect, a technical escape, from which he can derive no advantage. The judgment, therefore, remains in full force. This question, although presented here for the first time, is not a new one. In *In the Matter of Edwards*, 43 N. J. L. 555, 39 Am. Rep. 610, the petitioner had been committed to state prison for the term of ten years at hard labor. He made his escape, and remained at large for seven years, and he claimed that notwithstanding such fact he was entitled to his discharge at the end of the term of ten years; but the supreme court, in an elaborate opinion, held otherwise.

The same question came before the supreme court of Kansas in the well-considered case of *Hollon* v. *Hopkins*, 21 Kan. 638, and was disposed of adversely to the contention of the petitioner here.   In that case the petitioner had been sentenced to the state prison for three years "from the nineteenth day of September, A. D. 1874." On the next day after sentence he made his escape, and was not recaptured until 1878, and he insisted that the judgment had expired by its own limitation; but the court held that the essential part of the judgment was, that petitioner be imprisoned for three years, and that the *time* fixed by the court for its commencement was not such a material part thereof as to permit an evasion of the judgment by the wrongful act of the prisoner.   The court there said: " The only way of satisfying a judgment judicially is by fulfilling its requirements.   Of course, if Hollon had died or been pardoned, the sentence would be at an end.   But as those things have not happened, and as the sentence has not been disturbed by any judicial decision or determination, there is no way of satisfying its requirements or of exhausting its force, except service by Hollon of the time required in the penitentiary."

In *State* v. *Cockerham*, 2 Ired. 204, the defendant had been sentenced to be imprisoned for two months " on and after the first day of November next," and did not go into prison according to the sentence, and at a subsequent term of the court it was directed that the sentence should be immediately executed, and it was held that the order was proper, and that the essential part of the judgment was, not the time when it should be executed, but the extent of the punishment fixed.   So, also, in *Dolan's Case*, 101 Mass. 219, the same conclusion was reached, the court holding that "expiration of time without imprisonment is in no sense an execution of the sentence." Other cases might be cited to the same effect, and, indeed, our attention has not been called to the decision

of any appellate court holding to the contrary. We are satisfied with the law as thus declared.

Petitioner remanded.

HARRISON, J., SHARPSTEIN, J., and McFARLAND, J., concurred.