## WILLIAM W. HOPKINS, SHERIFF, *v.* JOHN C. NORTH, STATE'S ATTORNEY.

*Illegal Release of Prisoner—Regarded as Escape—Liability to Re-arrest.*

A prisoner whom the sheriff, without authority, released from jail, in order that he might go to a sanitarium, with the understanding that he would resume serving his sentence when his health permitted, was to be regarded as having escaped, and as consequently subject to re-arrest after he recovered his health,

in order that he might serve out his sentence, even though the time in which the sentence should have been served had expired.
pp. 556, 557

On appeal from an order for the issue of a mandamus to compel the sheriff to re-arrest a prisoner illegally released by him from jail, *held* that, a new sheriff having been appointed and presumably assumed his duties, the Court of Appeals would not decide the propriety of the issue of a mandamus, but would merely affirm the liability of the prisoner to re-arrest, such liability to be enforced by such person as might be sheriff at the time the mandate reached the lower court.        pp. 557, 558

*Decided December 3rd, 1926.*

Appeal from the Circuit Court for Talbot County (ADKINS, C. J., and WICKES and KEATING, JJ.).

Mandamus proceeding by John C. North, State's Attorney for Talbot County, against William W. Hopkins, Sheriff of Talbot County. The issue of the writ being ordered, said respondent appeals. Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Seth, Shehan & Marshall,* for the appellant.

*John C. North, State's Attorney,* for the appellee.

WALSH, J., delivered the opinion of the Court.

William H. Whitby was convicted of driving an automobile while under the influence of liquor, and was sentenced by the police magistrate of Easton to serve sixty days in jail. He appealed to the circuit court but, when the case was called on November 18th, 1925, he dismissed the appeal, and on the same day entered the jail at Easton to begin serving his sentence. Several days later he became quite ill and, after the jail physician had examined him and stated he was in serious danger of contracting delirium tremens or pneumonia, the magistrate who had sentenced him attempted to authorize

the sheriff to release him in the custody of two of his friends, so that he could receive proper treatment, and the sheriff released him on November 21st, 1925. In the written order given by the magistrate to the sheriff directing Whitby's release, it was stated that, on Whitby's return from whatever hospital or sanatorium he went to, he was to finish serving his sentence, and it is also abundantly clear from other parts of the record that there was a general understanding that he was to resume serving his sentence as soon as his health permitted. The jail physician recommended that he be taken to some institution where he could be given special treatment instead of being placed in the general hospital at Easton, and thereupon arrangements were made to take him to the Patapsco Manor Sanatorium at Ellicott City. He was taken to this sanatorium several days later by one of the deputy sheriffs, but the deputy took him at the request of his friends, and as the result of a private arrangement with them, and was not at the time acting in his official capacity. Whitby remained at this institution until about January 18th, 1926, paid the bills for his treatment, though he states he did this under protest, and then returned to Easton. Two days later, in the company of one of his friends, he presented himself before the magistrate and was told by the magistrate that there was a question in the mind of that official as to his right to recommit him to jail, and that he would not recommit him unless Whitby voluntarily agreed to go back and serve the remainder of his sentence. This Whitby declined to do, and the sheriff, not being certain of his authority, also declined to take him back to jail. It is evident from the record that the magistrate and sheriff acted in entire good faith in permitting Whitby to go to the sanatorium, and that he was really seriously ill when he was released from jail. But it is equally clear, and in fact both sides admit, that neither the magistrate nor the sheriff had the authority to release him, and it is further conceded that there was no commitment sending him from the jail to the Patapsco Manor Sanatorium. With matters in this situation, the state's attorney for Talbot County filed a petition for a mandamus to compel the sheriff

to arrest Whitby, and keep him in jail until he had served the remaining fifty-six days of his sentence. The sheriff demurred to the petition and, upon the demurrer being overruled, he filed an answer setting out most of the facts above mentioned and alleging that under these facts he had no authority to arrest Whitby. Issue was then joined short and, after a hearing before the full bench, the court ordered the writ of mandamus to issue as prayed, and from this judgment and order the sheriff has appealed.

In addition to the questions sought to be raised by the demurrer, there are seven bills of exceptions in the record, the first six relating to rulings on the evidence, and the seventh being taken to the court's action in refusing to grant the defendant's first and second prayers asking for a directed verdict. As the questions raised by the demurrer and the prayers are largely similar and go to the merits of the whole case, we can consider them without any separate examination of the demurrer and the prayers.

The chief questions are whether Whitby is still subject to the sentence imposed upon him, and, if he is, then whether a mandamus issued upon the petition of the state's attorney is a proper remedy to use in compelling the sheriff to see that he serves that sentence. The decided weight of authority and, in our opinion, the better reasoned cases, hold that, where a prisoner secures his liberty through some illegal or void order, it is to be treated as an escape, and he can be retaken and compelled to serve out his sentence, even though the time in which the original sentence should have been served has expired. *Ex parte Collins,* 8 Cal. App. 367, 97 P. 188; *Ex parte Alexander,* 5 Okl. Cr. 196; *State v. Momsen,* 153 Wis. 203; *State v. Horne,* 52 Fla. 125; *Miller v. Evans,* 115 Iowa, 101; *In re Dolan,* 101 Mass. 222; *Ex parte Bugg,* 163 Mo. App. 44; *State v. Cockerham,* 24 N. C. 204; *Morris v. United States,* 185 Fed. 73; *Ex parte Crews,* 12 Ala. App. 300; *Schwamble v. Sheriff,* 22 Pa. 18; 16 *C. J.* 1373, 1374. And see also 16 *C. J.* 1335, 1336; 8 *R. C. L.* 259, par. 267.

In the present case it is, as we have seen, conceded that the magistrate's order directing Whitby's release was invalid, and that the sheriff's action in releasing him, though done in good faith, was unauthorized and illegal, but it is also clear that Whitby was given his liberty upon the distinct understanding that when he had recovered from his illness he would return to jail and serve the unexpired portion of his sentence. He took advantage of his illegal release by leaving jail, and secured the benefit of the special medical treatment which this release enabled him to obtain, and it would seem to be a travesty on justice to hold that he can now escape the penalty the law has inflicted upon him by claiming that his release was illegal. Such a holding would not only be technical, but, under the facts shown in the record, it would also be against public policy. We accordingly think that, under the circumstances of this case, Whitby must be treated as having escaped, and so is subject to arrest, and that upon his arrest he can be compelled to serve the remainder of his sentence.

The next question, whether or not mandamus was a proper remedy, it seems to us need not be passed upon. In the first place the sheriff stated that he would take Whitby into custody, and require him to serve the remainder of his term, if he was certain that he had the authority to do this, and as we have held that Whitby escaped and, under the facts of this case, is still subject to the original sentence imposed upon him, there is no reason to suppose that if the sheriff is still in office when the mandate in this case is sent down he will not place Whitby in jail. And, in the second place, it is a matter of judicial knowledge that a new sheriff has been elected for Talbot County and that he should have assumed his duties by the time this case is decided, so that the issuance of a mandamus against the appellant would be nugatory. We accordingly do not think it necessary that the writ be issued, but we affirm the order in so far as it determines Whitby's liability to serve the remainder of his sentence, and this liability should be enforced by whoever happens to be

sheriff when the mandate in this case reaches the Circuit Court for Talbot County.

As what we have already said disposes of the case, and thus renders it unnecessary to consider the other assignments of error in the record, we will not further prolong this opinion by discussing them.

*Order affirmed, with costs to the appellee.*