STATE EX REL. JOHN SIEHL v. G. H. JORGENSON.[1]

March 8, 1929.

No. 27,371.

Leo J. Seifert and Frank E. Dougherty, for appellant.

G. A. Youngquist, Attorney General, James E. Markham, Deputy Attorney General, and C. F. Gaarenstroom, County Attorney, for respondent.

HOLT, J.

Appeal from an order of the court commissioner denying relator's release in a habeas corpus proceeding and remanding him to the custody of respondent, the sheriff of Martin county. The facts are these:

Relator, on November 9, 1928, duly convicted of the crime of selling intoxicating liquor, was sentenced to confinement in the county jail of Martin county for a period of 80 days and to pay a fine of $250. The fine has been paid. He was committed on the day of his sentence to the county jail. While so confined and on November 2, 1928, he was duly adjudged insane and committed to the state hospital for the insane at St. Peter, where he was detained under said commitment until December 14, 1928, at which time he was dis-

[1]Reported in 224 N. W. 156.

charged therefrom and returned to the jail and the custody of respondent. Relator's petition for the writ was issued after the expiration of 80 days from his commitment to the jail but, deducting the time he was under detention in the hospital for the insane under the commitment from the probate court, he had been confined in the county jail only 50 days when the writ was granted.

The appeal presents the sole question whether a person serving a jail sentence, who while so serving is by judgment of the probate court committed to and confined in a state hospital for the insane, may have the time he is so involuntarily confined in the hospital credited upon the time of his jail sentence.

Our statutes, G. S. 1923, §§ 4529-4532, provide that a prisoner serving time in the state prison or the state reformatory who is adjudged insane and committed to a state insane asylum shall have the time he is confined in the latter counted as a part of the term of his sentence. This indicates a legislative policy of considering one who has commenced serving a sentence as continuing so to serve, even though it be necessary to keep him at an institution other than the one to which he was sentenced, so long as he is so kept involuntarily on his part by and under legal authority.

In the case at bar it is not questioned that the probate court properly exercised its power in ordering relator to be taken from the jail and confined at the insane hospital. Relator did not voluntarily absent himself from the county jail. It is argued that if a jail prisoner should become so sick that he had to be taken to a hospital for treatment, thus receiving a favor, the time there spent should not be credited upon his sentence. But even so, if the sheriff in that emergency cannot in the jail give that care which modern humanitarian requirements entitle a prisoner to, it is difficult to see why the time necessarily spent at the hospital should not apply on his sentence. We have provisions by which one serving a jail sentence may be lawfully taken under guard to a distant county to testify in some cause and thus be absent from the jail to which his sentence confined him. In such a case common justice would seem to require the time of his sentence to run during his enforced

absence from the jail. We think this is such a case. During all the time relator was in the insane hospital he was restrained of his liberty by law. He was not there or out of the jail of his own volition.

Of course where a prisoner escapes after commitment, or where after commitment he has applied for a stay and procured a release on bail for the purpose of having his conviction reviewed, the time he remains a fugitive or the time pending the determination of the appeal during which he has been at liberty should not be counted on his sentence. Ex parte Vance, 90 Cal. 208, 27 P. 209, 13 L. R. A. 574; Hollon v. Hopkins, 21 Kan. 638; Dolan's Case, 101 Mass. 219; Ex parte Bugg, 163 Mo. App. 44, 145 S. W. 831; In re Edwards, 43 N. J. L. 555, 39 Am. R. 610; State ex rel. v. McClellan, 87 Tenn. 52, 9 S. W. 233. Such is not the instant case. From the moment relator began his jail term and for the full period of his sentence he was by law restrained of his liberty and confined in quarters not of his choosing. And it seems to us that when a person who has begun to serve a jail sentence is by legal process removed therefrom and detained in custody elsewhere the time he is thus elsewhere applies upon his sentence. McQuinn's Petition, 65 N. H. 84, 18 A. 92, is cited by relator, but there a statute controlled.

The term for which relator was sentenced having expired when the writ of habeas corpus issued, respondent's authority longer to detain him in the county jail was at an end.

The order is reversed and the relator is discharged.