STATE OF INDIANA EX REL. SMITH *v.* DOWD, AS WARDEN OF THE INDIANA STATE PRISON.

[No. 29,140.   Filed February 14, 1955.   Rehearing denied, March 21, 1955.]

*Clarence E. Benadum, Ralph V. Cecil,* and *Frederick F. McClellan,* all of Muncie, for relator.

*Edwin K. Steers,* Attorney General, and *Frank W. Spencer* and *Carl M. Franceschini,* Deputy Attorneys General, for appellee.

LEVINE, J.—This is an appeal from a judgment denying appellant's petition for a writ of *habeas corpus.*

The question here presented is whether the alleged surrender of appellant by the Sheriff of Madison County to the Federal authorities for violation of a parole from the Federal Penitentiary at Leavenworth, Kansas, waived the right of the State of Indiana to exact the punishment ordered by the court for an armed robbery for which appellant had been sentenced to the Indiana State Prison for a term of ten years.

The pertinent facts are as follows:

On June 24, 1949, while appellant was a Federal

parolee, he was arrested for armed robbery. He was tried, convicted, and sentenced to Indiana State Prison for ten years on June 30, 1949. He was taken to the Madison County Jail, and, on July 1, 1949, was released by the Sheriff to the Federal authorities and transported to the penitentiary at Leavenworth, Kansas, where he was confined until the 6th day of November, 1951, when he was returned to Indiana. He was returned to Madison County on said date, and, on November 14, 1951, taken to Indiana State Prison, where he has since been confined.

Appellant contends that the State of Indiana did not have the "right, power and/or authority to accept or gain jurisdiction and/or custody of this petitioner upon his release from said Federal Penitentiary, neither did the State of Indiana possess the right, power, and/or authority to impose the order of sentence and commitment of said Madison Circuit Court." Appellant further contends that a delay of two years and five months in executing the judgment of said court deprived the State of Indiana of the power to impose and restrain appellant under said judgment.

The evidence is conclusive that appellant was charged in the Madison Circuit Court with having committed an armed robbery. He was tried by a jury and found guilty. On the following day the court pronounced sentence and entered judgment.

We do not believe that the Sheriff of Madison County could waive the rights of the State of Indiana to exact the penalty imposed by the court on the verdict of the jury. The sheriff does not represent the State of Indiana in matters of granting paroles or pardons, which are in the province of the Governor or legally constituted Parole Board, and hence could not relinquish for the State of Indiana jurisdic-

tion over the appellant. See *Gilchrist* v. *Overlade* (1954), 233 Ind. 569, 122 N. E. 2d 93, and *Hackney* v. *Welsh* (1886), 107 Ind. 253, 8 N. E. 141.

No legal or constitutional right of the appellant was violated when he was taken into custody by the Federal authorities, or when he was turned over to the custody of the appellee to serve the sentence of the Madison Circuit Court. Due process had been accorded to appellant. *Rooney* v. *Hunter* (1945), 64 F. Supp. 165.

In the opinion of the court, a delay in the execution of a judgment of commitment does not satisfy the judgment, nor does it give the criminal the right to be discharged from custody because of such delay. In the instant case, appellant's debt to society in Indiana has not yet been paid. Sheriffs do not have power of pardon. Constitution of Indiana, Art. 5, Sec. 17; *Egbert* v. *Tauer, Mayor* (1922), 191 Ind. 547, 132 N. E. 370, 134 N. E. 199; *Ex Parte Porter* (1937), 60 Okla. Cr. 327, 64 P. 2d 1235; *O'Neil* v. *State* (1902), 134 Ala. 189, 32 So. 667; *Hopkins* v. *North* (1926), 151 Md. 553, 135 A. 367.

In *Ponzi* v. *Fessenden* (1922), 258 U. S. 254, 260, 66 L. Ed. 607, 611, 42 S. Ct. 309, 310, the court said:

"One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it."

Judgment affirmed.

Gilkison, C. J., and Achor, Bobbitt, and Emmert, JJ., concur.

NOTE.—Reported in 124 N. E. 2d 208.