ELVIN EUGENE HENDRIXSON v. RUSSELL E. LASH.

[No. PS-192.   Filed May 31, 1972.   Rehearing denied July 11, 1972.]

*Elvin Eugene Hendrixson,* of Michigan City, petitioner pro se.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—Petitioner, proceeding pro se, filed a "writ of habeas corpus" with the LaPorte County Circuit Court, the county of his confinement. That court denied relief due to its finding that it was without jurisdiction to entertain the petition. No motion to correct errors apears in the record. The case came to this court on appeal from that decision. In its appellate brief, the State of Indiana chose to respond to the merits of petitioner's argument instead of relying upon any jurisdictional or procedural defects.

Petitioner was convicted in the Marion County Criminal Court, Division One, of the crime of second degree burglary and was sentenced to the Indiana State Prison for a term of not less than two years nor more than five years. The date of the original sentence was April 26, 1967. If he had remained in custody, the maximum expiration date of his imprisonment would have been April 26, 1972. On February 6, 1970, he escaped from a prison work detail. He was subsequently apprehended in Florida and returned to the Indiana State Prison. Upon his return, prison officials recomputed the maximum expiration date of his sentence to compensate for the period of his absence, and found that he must serve until November 23, 1972.

Petitioner contends that the due process clauses of both the United States and Indiana Constitution [U.S. CONST. amend. XIV, § 1; IND. CONST. art. 1, § 12] require that before he is denied credit for the period of time that he was on vacation in sunny Florida [during season], he should be afforded a judicial hearing because:

"The Department of Correction has no authority to sit as a court of law and administer sentences to inmates of the Indiana Institutions, only a Court of Law has this authority

vested in it. The Department of Correction has the authority to hold a prisoner in prison for the maximum term of his sentence, but, no authority to hold a prisoner beyond his maximum expiration date that has been established statutorily by a Court of Law."

The proposition that an unauthorized absence from confinement will extend the expiration date of a prisoner's sentence, is well settled. Such an issue was presented to this court over 100 years ago in *Ex Parte Clifford* (1867), 29 Ind. 106. That case involved a writ of habeas corpus in which the petitioner, who had escaped from prison and had been recaptured after the termination of his original sentence, complained that his confinement was illegal because it exceeded his original expiration date. It was determined that the appellant could not "avail himself of the fact that while he was illegally at large the date at which his imprisonment was to have terminated had passed." *Id.* at 108.

> "[S]ince the liberty gained by the prisoner is wholly owing to his own wrong, there seems to be no reason why he should have any manner of advantage from it." *Id.*

Other courts considering the question have consistently reached the same conclusion. *Ex Parte Vance* (1891), 90 Cal. 208, 27 P. 209; *Hollon* v. *Hopkins* (1879), 21 Kan. 638; *Dolan's Case* (1869), 101 Mass. 219; *State ex rel. Siehl* v. *Jorgenson* (1919), 176 Minn. 572, 224 N. W. 156; *Application of Edwards* (1891), 43 N. J. Law 555, 39 Am. R. 610; *Henderson* v. *James* (1895), 52 Ohio St. 242, 39 N. E. 805. We believe the expression of the Massachusetts court in *Dolan's Case, supra*, to be most appropriate:

> "The petitioner seeks to be discharged on the ground that the term for which he was committed has expired by mere lapse of time; although the period of his actual imprisonment has been less than that for which he was sentenced, by reason of his escape and absence at large for nearly a year during the time.
> We are of the opinion that *the sentence of the law is to be satisfied only by actual suffering of the imprisonment im-*

*posed unless remitted by death or some legal authority. The punishment is imprisonment, the period of which is expressed only by the designated length of time. Neither the date of its commencement, nor of its expiration, is fixed by the terms of the sentence." Id. at 222. (emphasis supplied)*

In *Overlade* v. *Wells* (1953), 234 Ind. 436, 127 N. E. 2d 686, this court held that where a parolee is declared delinquent, he may be required to make up the maximum term of his sentence notwithstanding that the time of his initial expiration date might have passed:

> "The unserved portion of his maximum sentence remaining at the time he was declared delinquent could be legally satisfied in only three ways, (1) by actual service within the confines of the State Prison; (2) by pardon or commutation by the Governor; or (3) by appropriate action of the Board of Parole for Indiana State Prison. 234 Ind. at 449, 127 N. E. 2d at 692.

The only statute dealing with this matter appears to be IC 1971, 35-1-20-7, *Burns' Ind. Stat. Ann.* § 9-1022 (1956 Repl.) which provides that:

> "If any convict confined in the state prison shall escape therefrom, he may be retaken and imprisoned again, notwithstanding the time for which he was sentenced to be imprisoned may have expired when he shall be retaken, and he shall remain so imprisoned until tried for such escape, or until he be discharged on a failure to prosecute therefor."

We believe that we are preserving the legislative intent by reading the statute in the disjunctive. It is doubtful that the General Assembly meant to allow a prisoner to escape and have the period of his absence credited to his sentence. Clearly, the portion of the statute referring to discharge for nonprosecution applies to the time when the prisoner would be entitled to his release after the recomputation of his sentence. A similar reading was reached in *Ex Parte Clifford* (1867), 29 Ind. 106, 107-08.

We find that the summary recomputation of the prisoner's

termination date conforms with due process of law requirements. Any determination of a new expiration date involves primarily a mathematical calculation.

The United States Supreme Court has stated that "due process varies from case to case in accordance with differing circumstances . . ." *FCC* v. *WJR* (1949), 337 U. S. 265, 276, 69 S. Ct. 1097, 1103; 93 L. Ed. 1353, 1360. Certainly, the function of resetting a prisoner's expiration date, in this circumstance is properly styled as an administrative duty.

In construing 18 U.S.C. 3568 [concerning the giving of credit for pre-sentence confinement], a United States Circuit Court of Appeals has stated that "the computation of the service of a legally rendered sentence is an administrative responsibility . . ." *Lee* v. *United States* (9th cir. 1968), 400 F. 2d 185, 189.

The only consideration will be simple mathematics of adding the time of absence to the original expiration date. It is significant to note that the petitioner in the present case does not claim the recomputation of his sentence is incorrect. A prisoner is not without a remedy in cases where the recomputation of his maximum expiration date is erroneous. In *Ex Parte Clifford* (1867), 29 Ind. 106, 109, this court stated that a writ of Habeas Corpus would be adequate to raise such issues. Our present rules of procedure specifically provide for such a consideration. Rule PC 1, § 1 provides:

(a) any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:

(1) that the conviction or the sentence was in violation of the Constitution of the United States or the constitution or laws of this state;

. . .

(3) that the sentence exceeds the maximum authorized by law, or is otherwise erroneous;

. . .

(4) that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(5) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint
. . .
may institute at any time a proceeding under this rule to secure relief.

Finally we point out that IC 1971, § 34-1-57-13, as found in *Burns' Ind. Stat. Ann.* § 3-1918, provides that:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following:
* * *
Second. Upon any process issued on any final judgment of a court of competent jurisdiction. . . ."

We find that the appellant Hendrixson's commitment does not expire until November 23, 1972, therefore, no court in this case, including the LaPorte Circuit Court, had jurisdiction to discharge the appellant. The most that can be said is that the petition for Habeas Corpus was premature and the trial court could only dismiss the petition accordingly.

The judgment of dismissal of the trial court is affirmed.

DeBruler, J., concurs with opinion, Givan, Prentice, JJ., concur in majority opinion; Hunter, J., concurs in majority opinion and in DeBruler, J.'s concurring opinion.

## CONCURRING OPINION

DeBruler, J.—The trial court dismissed appellant's petition for writ of habeas corpus on the grounds that it had no jurisdiction. No determination on the merits of appellant's claim was made by the trial court. No motion to correct errors was filed in the trial court by appellant. However, both briefs before us contain lengthy discussion of the legal issues, and no factual dispute exists in the case, and in this posture, I believe that we are correct in disposing of this case on its merits. I

likewise concur in the disposition made of the merits of appellant's claim against him.

However, I would point out, that in my view, the trial court here, should have considered appellant's petition as a post-conviction petition, and ordered it transferred to the Marion County Criminal Court, Division One, the court of origination, rather than dismissing the petition because it had no jurisdiction. Such a disposition of this petition is warranted by PC. Rule 1A(1)(e), which affords a remedy as follows:

> "(1) Any person who has been convicted of, or sentenced for, a crime by a court of this state, and who claims:
> * * *
> "(e) that his sentence has expired, his probation, parole or conditional release unlawfully revoked, or he is otherwise unlawfully held in custody or other restraint. . . ."

and requires transfer of certain petitions for writ of habeas corpus in the following language:

> "(3) This rule does not suspend the writ of habeas corpus, but if a petitioner applies for a writ of habeas corpus, in the court having jurisdiction of his person, attacking the validity of his conviction or sentence, that court shall under this rule transfer the cause to the court where the petitioner was convicted or sentenced, and the latter court shall treat it as a petition for relief under this rule."

Hunter, J., concurs.

NOTE.—Reported in 282 N. E. 2d 792.