GEORGE PHEND, SUPERINTENDENT INDIANA REFORMATORY *v.*
DALE JOSEPH THAIS.

[No. 272A96. Filed December 18, 1972.]

*Theodore L. Sendak,* Attorney General, *William D. Bucher,*
Deputy Attorney General, for appellant.

*Mrs. Harriette Bailey Conn,* Public Defender of Indiana,
*Sid M. Cleveland,* Deputy Public Defender, for appellee.

SULLIVAN, J.—Following his Amended Petition for Writ of Habeas Corpus, appellee Thais, on July 27, 1971, was ordered released from the custody of the appellant Phend subject however to a delay of 30 days in order to permit the State of Illinois to take custody upon a charge pending against Thais in the latter State.

In essence it is the State's[1] contention that Thais's original sentence and commitment for a term of not less than 1 nor more than 5 years in the State Reformatory which commenced on December 3, 1965 did not expire on December 2, 1970 (in the normal course of events) because Thais was absent from the institution during two separate periods, once while on escape and again while a "parole delinquent."

The chronology of events deemed pertinent to this appeal are as follows:

12-3-65 Sentence and Order of Commitment to Indiana Reformatory for not less than 1 nor more than 5 years

2-3-67 Escape

7-24-69 Return to custody following escape period

Other events and dates injected into the proceedings and which constitute facets of the arguments herein are:

8-17-70 Parole release

1-20-71 Declaration of parole delinquency (date as fixed solely by appellant's brief and wholly unsupported by evidence of record other than the following questions and answers during re-direct examination of Thais:

"Q. And some time in 1971, you say February, you were in Indianapolis, Indiana and you were arrested then on an alleged parole violation.

A. Yes, sir.

---

1. The State is the true party in interest as opposed to the individual penal administrator nominally charged with custody.

> Q. Which supposedly occurred or declared in January, 1971 after your 5 year period had expired.
>
> A. Yes, sir.")

and

7-27-71 Judgment and order of release upon writ of Habeas Corpus.

It is the State's claim that the period during which Thais was an escapee and the period during which he was a "parole delinquent" may not be credited toward service of his 1 to 5 year sentence.

At the outset it must be clearly stated that the record is absolutely devoid of evidence that Thais was ever declared a parole delinquent or a parole violator. Thus the second barrel of the State's argument results in a misfire and an imposition upon the time of this Court. We would heartily recommend to the State that in the future, argument briefs be researched and written not unmindful of the record. Creativity and imagination have their place in appellate advocacy but not in stating facts of record.

Therefore, as pertinent to the order below, time served by Thais is affected only, if at all, by the time he was an escaped fugitive.[2] In this regard, the timetable of dates may be translated as follows:

Commitment period prior to escape:
12-3-65 to 2-3-67 or 1 year, 2 months.
Period of Escape:
2-3-67 to 7-24-69 or 2 years, 5 months and 21 days.
Period in custody from return to date of Habeas Corpus Order:
7-24-69 to 7-27-71 or 1 year and 3 days.

The time served upon his commitment, exclusive of the escape period, is therefore 2 years, 2 months and approximately 3 days.

---

2. The period of sentence or commitment for crimes carrying indeterminate sentences is for the maximum period specified. *Terry* v. *Dyers* (1903) 161 Ind. 360, 68 N.E. 596.

*Ex Parte Clifford* (1867), 29 Ind. 106 is determinative of the appeal before us, and the decision gained certain revitalization in *Overlade* v. *Wells* (1953), 234 Ind. 436, 127 N.E.2d 686, which admittedly deals with parole violation as opposed to escape, but which emphasizes that an escapee or parolee may not benefit by his own misconduct with respect to service of his sentence. In *Ex Parte Clifford, supra,* the Court held:

> "* * * 'since the liberty gained by the prisoner is wholly owing to his own wrong, there seems to be no reason why he should have any manner of advantage from it.' " 29 Ind. 106, 108.

With respect to the "escape time" argument of the State, Thais defends the Habeas Corpus Order upon the following premise: That the State may not successfully claim that Thais's sentence was tolled by the period during which he was an escapee since he had not been convicted of the separate and distinct crime of Escape as defined in IC 1971, 35-1-96-9 being Ind. Ann. Stat. (Burns 1956) § 10-1807.

As heretofore noted, Thais defends the Habeas Corpus order partially upon the supposition that having dismissed the separate "escape" charge against him, the State is estopped to rely upon the escape period as extending the original period scheduled for his confinement. Such assertion is unaccompanied by supportive authority and in the opinion of this Court is a blatant absurdity. The established and uncontroverted fact is that Thais did escape. Whether he was convicted for the separate statutory offense is of no moment.[3]

---

3. To be sure, it was only happenstance that the State "proved" escape and the return of Thais to custody. It was certainly not a model of trial practice. The evidence concerning escape is as follows:

"A. I volunteered for a test in Indianapolis for Eli Lilly.

Q. During the course of these tests what did you do?

* * *

A. While I was there, I left.

Q. Do you remember what the date was?

A. No, not the exact date.

The Public Defender's brief itself clearly indicates the futility of Thais's argument in quoting from *Hendrixson* v. *Lash* (1972), 258 Ind. 550, 282 N.E.2d 792⁴ as follows:

> "It is doubtful that the General Assembly meant to allow a prisoner to escape and have the period of his absence credited to his sentence", and
> "The proposition that an unauthorized absence from confinement will extend the expiration date of a prisoner's sentence is well settled", citing *Ex Parte Clifford, supra.*

Further treatment would merely burden the time of this Court and of the publishers of reported opinions. Suffice it to say that we do not take lightly our appellate burden but we do begrudge the imposition made by unnecessary appeals. We affix the blame in such instances wherever it might lie—upon opportunists who may represent a prospective appellant; upon an appellant himself who legitimately (or otherwise) sees principle or delay, if not justice, in his appeal; upon the State, which having failed to prepare its case below wishes its "chestnuts pulled from the fire"; or a trial judge who refuses or fails to recognize his error.

The judgment below is hereby reversed and the cause remanded with instructions to deny the Petition for Writ of Habeas Corpus.

Buchanan, P.J. and White, J., concur.

NOTE.—Reported at 290 N.E.2d 128.

---

Q. Do you have any idea of when it was?
A. It was around the 2nd or 3rd of February, 1967.
Q. And where did you go?
A. I went to California."

4. Although decided some nine months before filing of appellant's brief, the State failed to take note of *Hendrixson* v. *Lash* until appellee cited same.