SAMUEL WOODSON *v.* STATE OF INDIANA

[No. 2-478A123. Filed December 29, 1978. Rehearing denied January 24, 1979. Transfer denied April 12, 1979.]

*Harriette Bailey Conn, [Mrs.],* Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Richard Albert Alford,* Deputy Attorney General, for appellee.

MILLER, J.— This is an appeal from a denial of Post-Conviction Relief in which Defendant, who was charged with and convicted of Robbery and sentenced to a term of not less than ten (10) years nor more than twenty-five (25) years, sought reduction of his maximum sentence to twenty (20) years and credit for the time he served in a Missouri penal institution while he was an escapee from the Indiana State Prison.

Two issues are presented for our determination:

(1)   Whether the trial court erred in not modifying the sentence imposed on the Defendant for Robbery from twenty-five (25) years, the maximum sentence for Robbery under IC 35-13-4-6[1] to twenty (20) years,

---

1.   Repealed, *see* IC 35-42-5-1 for current version.

the maximum sentence for Armed Robbery then in effect under Burns' Ind. Anno. Stat. 10-4709[2].

(2) Was Defendant entitled to credit on his Indiana sentence for time served for another crime in another jurisdiction while an escapee?

We find that Defendant's maximum sentence should be modified to twenty (20) years but that he is not entitled to credit on his sentence for time served in Missouri while an escapee from Indiana.

*FACTS:*

On June 23, 1956, Defendant, Samuel Woodson, was charged by affidavit with Robbery under IC 35-13-4-6, *supra.* After trial by jury Defendant was found guilty of robbery and on September 26, 1956, was sentenced to the Indiana State Prison for a term of not less than ten (10) years nor more than twenty-five (25) years. On December 22, 1967, the Defendant escaped from the Indiana State Prison, was incarcerated in a Missouri penal institution for a period of time on another charge until January 17, 1976, when he was returned to the Indiana State Prison.

On August 22, 1977, Defendant filed a Petition for Post-Conviction Relief asserting the following grounds for relief:

"(a) Unconstitutional sentence. 10-20 was the constitutional sentence for robbery in 1956 when the maximum sentence for armed robbery under Burns' 10-4709 was 20 years.

"(b) The Defendant is entitled to receive credit for the three (3) months and one (1) day which he was incarcerated prior to his conviction and sentence in this cause. (From June 22, 1956, to September 23, 1956).

"(c) That the Defendant is entitled to receive credit on his sentence for the period of time from February 13, 1972, until January 17, 1976, in which he was incarcerated in a Missouri penal institution with an Indiana detainer warrant having been filed against him."

On January 6, 1978, the trial court granted credit for time spent in confinement prior to trial but denied the remainder of his petition.

---

2. The maximum penalty was increased in 1969 to 30 years and later codified in IC 35-12-1-1, later repealed. *See* IC 35-42-5-1 for current version.

*ISSUE ONE:*

In 1956, Defendant was found guilty of Robbery and sentenced under IC 35-13-4-6, *supra,* to not less than ten (10) years nor more than twenty-five (25) years. Defendant now seeks immediate modification of his maximum sentence from twenty-five (25) to twenty (20) years.

When the offense in the case at bar occurred the following statutes were in effect:

Robbery: "Whoever takes from the person of another any article of value by violence or putting in fear, is guilty of robbery, and on conviction shall be imprisoned not less than ten (10) years nor more than twenty-five (25) years. * * * " IC 35-13-4-6, *supra.*

Commission of or attempt to commit crime while armed with a deadly weapon:

"Any person who . . . commits or attempts to commit . . . the crime of . . . robbery, . . . while armed with a pistol, revolver, rifle, shotgun, machine gun or any other firearm or any dangerous or deadly weapon . . . shall be guilty of a separate felony in addition to the crimes above named and upon conviction shall be imprisoned for a determinate period of not less than ten (10) years nor more than twenty (20) years * * * " Burns' 10-4709, *supra.*

Hence, in 1956, the punishment established for Robbery was five (5) years greater than the maximum sentence permitted for the commission of Armed Robbery.

The law is well established in Indiana that the crime of Robbery is a lesser included offense of the crime of Armed Robbery. *Dowdell v. State* (1975), 166 Ind.App. 395, 336 N.E.2d 699; *Jackson v. State* (1971), 257 Ind. 477, 275 N.E.2d 538; *Dembowski v. State* (1968), 251 Ind. 250, 240 N.E.2d 815.

In *Dembowski, supra,* our Supreme Court considered the constitutionality of the variance in sentencing between the aforementioned Robbery and Armed Robbery statutes and held that the provision in IC 35-13-4-6, *supra,* providing for a ten (10) to twenty-five (25) year indeterminate sentence was unconstitutional:

"[T]he legislature may not, consistent with the commands of the State and Federal Constitutions, provide a punishment for a lesser included offense which is greater in years on the face of the statute then the greater offense." 240 N.E.2d at p. 817.

In determining the time at which one should apply for modification of an unconstitutional maximum in an indeterminate sentence the court concluded that:

"Petitioner is presently incarcerated in the State penitentiary. He has not served, under the sentence entered on the judgment, a period greater than the maximum number of years of the greater offense (Armed Robbery). His incarceration is not, at this point, therefore prejudicial to his Constitutional rights, and accordingly, we hold that petitioner may assert no claim of an unconstitutional restraint of his person until such time as his punishment extends beyond the Constitutionally permissible limits." *Dembowski* of 240 N.E.2d at p. 818.

However, the court reconsidered this conclusion in *Hobbs v. State* (1969), 253 Ind. 195, 252 N.E.2d 498:

"Fifth: We have now re-evaluated the closing statement of this court in *Dembowski* and believe that the appellant is entitled to immediate modification of his sentence."

The principle of *Dembowski* has been retroactively applied to sentences imposed at least as far back as 1960[3] and the Indiana courts have modified sentences for Robbery convictions imposed under IC 35-13-4-6, *supra*, at all times prior to the Indiana Legislature's 1969 amendment of Burns' 10-4709[4], *supra*. See: *Dowdell v. State* (1975), 166 Ind.App. 395, 336 N.E.2d 699; *Evans v. State* (1974), 162 Ind.App. 588,

---

3. *See Dotson v. State* (1972), 258 Ind. 581, 282 N.E.2d 812, where our Supreme Court approved the trial court's modification of a 1960 sentence for Robbery from an indeterminate ten (10) to twenty-five (25) years to an indeterminate ten (10) to twenty (20) years in accordance with the principle of *Dembowski, supra*.

4. The unconstitutional penalty for Robbery was remedied by amending the Armed Robbery statute to provide a penalty of imprisonment for a determinate period of not less than ten (10) years nor more than thirty (30) years. IC 35-12-1-1, now repealed. However, this amendment does not affect sentences imposed under IC 35-13-4-6, *supra*, which were imposed prior to 1969 since: "The general rule is that the law in effect at the time the crime was committed is controlling. *Jackson v. State* (1971), 257 Ind. 477, 275 N.E.2d 538; *Dembowski, supra*. This rule is constitutionally required in the case that a penalty is increased *ex post facto* by amendment after the commission of the crime. *Dembowski, supra*, * * *" *Dowdell, supra*, at p. 701, 336 N.E.2d.

320 N.E.2d 781; *Neeley v. State* (1973), 156 Ind.App. 640, 297 N.E.2d 475; *Dotson v. State* (1972), 258 Ind. 581, 282 N.E.2d 812; *Jackson v. State* (1971), 257 Ind. 477, 275 N.E.2d 538. See also *Lee v. State* (1972), 259 Ind. 301, 286 N.E.2d 840 and *Heathe v. State* (1971), 257 Ind. 345, 274 N.E.2d 697 and *McDougall v. State* (1970), 254 Ind. 62, 257 N.E.2d 674 where the rule of *Dembowski* has been applied notwithstanding the fact that the greater offense was not charged.

The principle of *Dembowski, supra,* and *Hobbs, supra,* is applicable to the case at bar. Defendant is within the same class of people who were convicted and sentenced under the unconstitutional provision of IC 35-13-4-6, *supra,* prior to the 1969 Legislative amendment, whose sentences the Indiana courts have modified in accordance with *Dembowski, supra.* At the time Defendant was charged, convicted and sentenced for Robbery the statutory penalty for the greater offense of Armed Robbery was a term of not less than ten (10) nor more than twenty (20) years. Therefore, the Defendant has a constitutional right to an immediate reduction of his maximum sentence from twenty-five (25) years to twenty (20) years.

*ISSUE TWO:*

Defendant next claims in his Brief that he is entitled to receive credit on his Indiana robbery sentence for the period of time he was imprisoned in a Missouri penal institution while he was an escapee from the Indiana State Prison. He acknowledges in his Brief that this issue was inadvertently omitted from his Motion to Correct Errors and asserts that the issue should be addressed on appeal because it is fundamental error. We prefer to decide this issue on the merits for the reason that the necessary facts for our decision appear on the face of the record and the alleged error purportedly affects the length of Defendant's incarceration.[5]

However, after examining the appropriate authorities, we find that the trial court did not err in refusing to give the Defendant credit on

---

5. It is settled that an incorrect sentence, apparent on the face of the record, is fundamental error and can be considered for the first time on appeal. *Beasley v. State* (1977), 267 Ind. 396, 370 N.E.2d 360, 364; *Kleinrichert v. State* (1973), 260 Ind. 537, 297 N.E.2d 822.

his sentence for the time he was an escapee and incarcerated in another jurisdiction for another crime.

In *Hendrixson v. Lash* (1972), 258 Ind. 550, 282 N.E.2d 792, cert. den. 410 U.S. 967, 93 S.Ct. 1450, 35 L.Ed.2d 702, our Supreme Court considered a claim by the defendant that he should receive credit on his sentence for the time during which he was an escapee from prison and, further, that the Department of Correction had no authority to hold a prisoner in prison beyond the maximum expiration date of his sentence. The Court answered this contention as follows at p. 552 of 258 Ind.:

"The proposition that an unauthorized absence from confinement will extend the expiration date of a prisoner's sentence, is well settled. Such an issue was presented to this court over 100 years ago in *Ex Parte Clifford* (1867), 29 Ind. 196. That case involved a writ of habeas corpus in which the petitioner, who had escaped from prison and had been recaptured after the termination of his original sentence, complained that his confinement was illegal because it exceeded his original expiration date. It was determined that the appellant could not 'avail himself of the fact that while he was illegally at large the date at which his imprisonment was to have terminated had passed.' *Id* at 108.

'[S]ince the liberty gained by the prisoner is wholly owing to his own wrong, there seems to be no reason why he should have any manner of advantage from it.' *Id.*

Other courts considering the question have consistently reached the same conclusion. *Ex Parte Vance* (1891), 90 Cal. 208, 27 P. 209; *Hollon v. Hopkins* (1879), 21 Kan. 638; *Dolan's Case* (1869), 101 Mass. 219; *State ex rel. Siehl v. Jorgenson* (1919), 176 Minn. 572, 224 N.W. 156; *Application of Edwards* (1891), 43 N.J. Law 555, 39 Am. R. 610; *Henderson v. James* (1895), 52 Ohio St. 242, 39 N.E. 805. We believe the expression of the Massachusetts court in *Dolan's Case, supra,* to be the most appropriate:

'The petitioner seeks to be discharged on the ground that the term for which he was committed has expired by mere lapse of time; although the period of his actual imprisonment has been less than that for which he was sentenced, by reason of his escape and absence at large for nearly a year during the time.

We are of the opinion that *the sentence of the law is to be satisfied only by actual suffering of the imprisonment imposed unless remit-*

*ted by death or some legal authority. The punishment is imprisonment, the period of which is expressed only the designated length of time. Neither the date of its commencement, nor of its expiration, is fixed by the terms of the sentence.' Id.* at 222. (emphasis supplied)

In *Overlade v. Wells* (1953), 234 Ind. 436, 127 N.E.2d 686, this court held that where a parolee is declared delinquent, he may be required to make up the maximum term of his sentence notwithstanding that the time of his initial expiration date might have passed:

'The unserved portion of his maximum sentence remaining at the time he was declared delinquent could be legally satisfied in only three ways, (1) by actual service within the confines of the State Prison; (2) by pardon or commutation by the Governor; or (3) by appropriate action of the Board of Parole for Indiana State Prison. 234 Ind. at 449, 127 N.E.2d at 692.' "

Directly in point is *Begley v. State* (1973), 157 Ind.App. 99, 299 N.E.2d 238. This Court in a *per curiam* opinion held as follows:

"PER CURIAM — Begley appeals from the denial of his petition for post conviction relief.

The issue concerns the authority of the Parole Board to recompute the expiration of Begley's sentence. Begley escaped from custody and as a result served time in a Federal Prison. The Parole Board extended the maximum expiration date to compensate for Begley's absence from Indiana while serving in the Federal Prison.

The issue has been adversely decided to Begley's interest. *Hendrixson v. Lash* (1972), 258 Ind. 550, 282 N.E.2d 792; *Phend v. Thais* (1972), 154 Ind.App. 498, 290 N.E.2d 128.

Judgment affirmed."

Again, in *State v. Dowd* (1955), 234 Ind. 152, 124 N.E.2d 208, our Supreme Court held that a delay in the execution of a judgment of commitment does not satisfy the judgment. In that case the defendant, while a federal parolee, was arrested, convicted and sentenced for the crime of armed robbery. The day after his sentence the sheriff at the Madison County Jail released him to federal authorities who transported him to a Federal Penitentiary where he was confined for about two and a half years. He was then returned to Indiana where he was confined in the Indiana State Prison. The defendant claimed that the State of Indiana did not have the right, power and/or authority to gain jurisdic-

tion of him after his release from federal custody. The Supreme Court rejected defendant's contention concluding as follows:

"In the opinion of the court, a delay in the execution of a judgment of commitment does not satisfy the judgment, nor does it give the criminal the right to be discharged from custody because of such delay. In the instant case, appellant's debt to society in Indiana has not yet been paid. Sheriffs do not have power of pardon. Constitution of Indiana, Art. 5, § 17; *Egbert v. Tauer, Mayor,* 1922, 191 Ind. 547, 132 N.E. 370, 134 N.E. 199; *Ex Parte Porter,* 1937, 60 Okl.Cr. 327, 64 P.2d 1235; *O'Neil v. State,* 1902, 134 Ala. 189, 32 So. 667; *Hopkins v. North,* 1926, 151 Md. 553, 135 A. 367, 49 A.L.R. 1303."

However, the Defendant cites *Holland v. State* (1976), 265 Ind. 216, 352 N.E.2d 752 in support of his claim for credit time. In *Holland,* the defendant was serving a sentence in the State of Kentucky when he was indicted in Indiana and returned to this state to stand trial for premeditated murder and felony murder. After his conviction by jury of second degree murder and felony murder the trial court sentenced the defendant to fifteen to twenty-five years under the first charge and life imprisonment under the second. The trial court further ordered that the sentences:

"should commence after the appellant had been released from the Kentucky State Penitentiary where he was serving a sentence at the time of his trial." *Id.* p. 754 of 352 N.E.2d.

After holding that the trial court should have imposed a sentence on the greater offense only, our Supreme Court stated:

"Appellant also raises the question that the trial court ordered the sentence to begin *in futuro.* This also was incorrect. *Miller v. Allen* (1858) 11 Ind. 389; *Stuck v. State* (1972), 259 Ind. 291, 286 N.E.2d 652, 32 Ind.Dec. 425; *Franks v. State* (1975), 262 Ind. 649, 323 N.E.2d 221, 45 Ind.Dec. 618. To the extent the cases of *Weatherford v. State* (1975), 164 Ind.App. 340, 328 N.E.2d 756, 47 Ind.Dec. 179, and *Alford v. State* (1973), 155 Ind.App. 592, 294 N.E.2d 168, 35 Ind.Dec. 588, hold to the contrary, they are overruled."

The Defendant claims that *Holland,* in condemning *in futuro* sentences, supports his proposition that he is entitled to credit for time served on his Missouri sentence. We do not construe that to be the meaning and significance of *Holland* nor do we conclude that *Holland* pur-

ported to overrule the principle set forth in *Hendrixson v. Lash, supra; Begley v. State, supra,* and *State v. Dowd, supra.*

As indicated in *Holland, supra,* the impropriety and ambiguity of sentences to begin *in futuro* is clear. For instance, in *Holland,* where the sentence was to commence after the defendant had been released from the Kentucky State Penitentiary, it is apparent that the trial court made several erroneous assumptions. First, the trial court assumed that the defendant would complete his term in Kentucky and be released therefrom. He did not consider the possibility that the defendant might escape and return to Indiana where, under such circumstances, the defendant could be apprehended and his Indiana sentence could commence to run. However, as the sentence was worded, the question would have arisen as to whether this state could have imprisoned the defendant on his Indiana sentence *or* whether it had the responsibility of returning him to Kentucky in order to complete his sentence there. Second, the court erroneously assumed that the defendant would be returned to Indiana upon completion of his Kentucky sentence. We take judicial knowledge of the fact that many of the persons now imprisoned in various institutions throughout the country have several "detainers" from different state jurisdictions (and also the federal government) all of which desire the pleasure of the company of these prisoners upon their release. Thus, the trial judge in *Holland* failed to consider the fact that the defendant might be delivered to another state rather than Indiana after completion of his Kentucky sentence. Upon that occurrence the ambiguity of the Indiana sentence would have become apparent. Would his Indiana sentence commence to run at the time he was released from the Kentucky institution to another state or would it commence after the defendant was finally returned to Indiana, if ever? Clearly, it was the purpose of the holding in *Holland* to avoid such ambiguities and uncertainties when it restated the rule that it is improper for a trial court to order a sentence to begin *in futuro.*

Finally, Defendant has failed to cite any statute which would permit credit on his Indiana sentence for time served in another jurisdiction. It is settled in this State that there is no Constitutional right for a criminal to serve sentences concurrently for various crimes. *Bewley v. State* (1966), 247 Ind. 652, 220 N.E.2d 612. Thus, in *Smith v. State* (1975), 165 Ind.App. 37, 330 N.E.2d 384 this Court

rejected a contention by the defendant that his imprisonment by Federal authorities after the imposition of his Indiana sentence be credited against the Indiana sentence. The language in the *Alford* and *Weatherford* cases, not overruled by *Holland*, also supports this conclusion.[6]

We think it is clear that *Holland*, in criticizing *in futuro* sentences, did not purport to overrule the existing rule which does not give credit to a defendant for time on his Indiana sentence while he is an escapee or incarcerated in another jurisdiction. In this case, Defendant's sentence designated the length of time of punishment. Its expiration date was not fixed by the sentence but can be satisfied, as noted earlier, by his actual service of the period of imprisonment, by an act of executive clemency or by appropriate action by the parole authorities.

The decision of the trial court is reversed in part and affirmed in part. The trial court is instructed to reduce Defendant's maximum sentence from twenty-five (25) years to twenty (20) years.

Chipman, P.J. concurs.

Young, J. concurs.

NOTE — Reported at 383 N.E.2d 1096.

---

6. Our legislature has provided for credit to a defendant for time served on the charge *before* sentencing. IC 35-8-2.5-1. However, the defendant is not entitled to credit where the imprisonment is in another state for a totally different offense. *Cooley v. State* (1977), 172 Ind.App. 199, 360 N.E.2d 29; *Smith v. State, supra.*